

RECEIVED
10/15/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
QR
BC

**1:24-cv-10549**
**Judge Joan H. Lefkow**
**Magistrate Judge Jeffrey Cole**
**RANDOM/ CAT. 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, <br><br> *Plaintiff,* <br><br> vs. <br><br><br> INSURANCE SUPERMARKET INC, ALEXANDER DUDAREV, and VANESSA FONSECA, <br><br> *Defendants*. | Case No. _____ <br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305, against Defendants INSURANCE SUPERMARKET INC, ALEXANDER DUDAREV, and VANESSA FONSECA, and alleges based on personal knowledge and information and belief:

### INTRODUCTION

1. "When it comes to robocalls, you can only call those who, like Blondie, have said, 'Call me. Call me on the line.' If you call people who haven't opted in, then you face liability under the Telephone Consumer Protection Act." *Perrong v. Bradford*, 2024 WL 2133801, at \*1 (E.D. Pa. May 13, 2024).

2. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227.

4. This case involves a campaign by Defendants which placed illegal, automated calls, concerning the sale of final expense insurance products.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendant. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made. The calls were made for services being provided by Defendant within this district.

7. Defendants contacted Plaintiff specifically concerning the sale of services in Illinois, and within this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

10. Defendant INSURANCE SUPERMARKET INC ("ISI") is a Delaware company, with a registered agent of HARVARD BUSINESS SERVICES, INC located at 16192 COASTAL HWY LEWES DE 19958 and a principal place of business of 1951 NW 7th Ave Suite 600 Miami, FL 33136.

11. Defendant ALEXANDER DUDAREV ("DUDAREV") is an officer of ISI, specifically a Manager, and is located at 1951 NW 7th Ave Suite 600 Miami, FL 33136.

12. Defendant VANESSA FONSECA ("FONSECA") is an officer of ISI, specifically the Secretary, and is located at 1951 NW 7th Ave Suite 600 Miami, FL 33136.

13. Defendants are each a person as defined by 47 U.S.C. § 153(39).

14. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

15. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's

prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

16. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to a telephone where the called party is charged for the call. 47 U.S.C. § 227(b)(1)(A).

17. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

18. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"
>
> I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

19. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

20. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal*

*Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

21. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

22. The Illinois Automatic Telephone Dialers Act (ATDA), defines "Autodialer" or "Autodialer System" as "any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message, the term does not include any device associated with a burglar alarm system, voice message system or fire alarm system." 815 ILCS 305/5.

23. The Illinois ATDA includes a provision: "An autodialer may not be operated in a manner that impedes the function of any caller ID when the telephone solicitor's service or equipment is capable of allowing the display of the solicitor's telephone number." 815 ILCS 305/15.

24. The Illinois ATDA provides: "(b) It is a violation of this Act to play a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30.

25. The Illinois ATDA provides: "(c) Enforcement by customer. Any customer injured by a violation of this Act may bring an action for the recovery of damages. Judgment may be entered for 3 times the amount at which the actual damages are assessed, plus costs and reasonable attorney fees." 815 ILCS 305/30.

26. The Illinois ATDA provides: "(c-5) In addition to the damages authorized under subsection (c), a consumer may obtain statutory damages in the amount of $500 per violation." 815 ILCS 305/30.

27. The Illinois ATDA includes a provision requiring the identification of the telemarketer including individual's name, the name, address and telephone number of the business or organization being represented and the purpose of the call; and (2) inquire at the beginning of the call whether the person called consents to hear the prerecorded message. 815 ILCS 305/15.

28. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## **ALLEGATIONS**

29. At all times relevant hereto, Plaintiff maintained and used a residential telephone line which is charged on a per call and per minute basis, with phone number (312) XXX-4004.

30. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

31. Plaintiff is the account holder and customary user of his phone number.

32. Plaintiff was within this district when he received the telephone calls.

33. Plaintiff finds telemarketing calls to be invasive and harassing. The calls prevented Plaintiff from using his phone for legitimate purposes, and took time away from his day.

34. The table below identifies the calls Plaintiff has received which he alleges were made by Defendants, or an entity acting on their behalf.

| Call | Date | Approx Time | Caller ID # | Notes | Pre-Record (Y=Yes) |
|---|---|---|---|---|---|
| 35. 1 | 6/10/24 | 13:54 | (312) 624-7800 | "James" final expense whole life insurance | Y |
| 36. 2 | 6/10/24 | 14:49 | (613) 208-1083 | "Emily Wilson" US Funeral Expenses | Y |
| 37. 3 | 6/11/24 | 17:02 | (224) 478-0473 | "brian martin" "final expense whole life insurance program" | Y |
| 38. 4 | 6/11/24 | 17:12 | (613) 391-2376 | "Emily Wilson" US Funeral Expenses | Y |
| 39. 5 | 6/12/24 | 12:09 | (613) 537-9088 | "Emily Wilson" US Funeral Expenses | Y |
| 40. 6 | 6/12/24 | 18:13 | (856) 444-4047 | "Michael Wilson" "low cost final expense insurance program" | N |
| 41. 7 | 6/13/24 | 9:45 | (734) 702-0740 | Male with "US Life" "low cost final expense insurance plan" | N |
| 42. 8 | 6/13/24 | 12:21 | (224) 281-7050 | "Scott Wilson" "new final expense insurance plan" | Y |
| 43. 9 | 6/13/24 | 13:37 | (719) 309-2806 | "Emily Wilson" US Funeral Expenses | Y |
| 44. 10 | 6/19/24 | 11:32 | (815) 406-2863 | "Jordan" "final expense whole life insurance" | Y |
| 45. 11 | 6/19/24 | 13:15 | (659) 946-7422 | "US Life" female, final expense life insurance | N |

| | | | | | |
|---|---|---|---|---|---|
| 46. 12 | 6/19/24 | 17:24 | (202) 864-2068 | "Emily Wilson" US Funeral Expenses | Y |
| 47. 13 | 6/20/24 | 10:10 | (802) 219-9036 | "Emily Wilson" US Funeral Expenses | Y |
| 48. 14 | 6/20/24 | 13:43 | (308) 223-4562 | "Emily Wilson" US Funeral Expenses | Y |
| 49. 15 | 6/20/24 | 16:35 | (220) 203-2665 | "Emily Wilson" US Funeral Expenses | Y |
| 50. 16 | 6/21/24 | 9:58 | (620) 234-9294 | "Emily Wilson" US Funeral Expenses | Y |
| 51. 17 | 6/21/24 | 11:49 | (207) 304-9283 | "Olivia" "US Life" | N |
| 52. 18 | 6/21/24 | 13:52 | (534) 205-9612 | "Emily Wilson" US Funeral Expenses | Y |
| 53. 19 | 6/21/24 | 15:19 | (218) 316-7427 | "Sophia from Senior Benefits" "final expense life insurance plans" | N |
| 54. 20 | 6/25/24 | 14:32 | (312) 664-5000 | "Mike" "American Benefits" "final expense insurance" | N |
| 55. 21 | 6/25/24 | 15:24 | (312) 978-1434 | "James" "American Senior Benefits, final expense whole life insurance | Y |
| 56. 22 | 6/25/24 | 17:23 | (312) 943-3480 | "James" "American Senior Benefits, final expense whole life insurance | Y |
| 57. 23 | 6/26/24 | 11:03 | (312) 526-2083 | "James" "American Senior Benefits | Y |
| 58. 24 | 6/28/24 | 18:22 | (312) 978-5276 | "James" "American Senior Benefits, final expense whole life insurance | Y |
| 59. 25 | 7/1/24 | 9:18 | (312) 983-3613 | "Becky" from senior benefits. | Y |
| 60. 26 | 7/2/24 | 8:48 | (312) 661-7459 | "Becky" from senior benefits. | Y |
| 61. 27 | 7/2/24 | 12:20 | (312) 506-6242 | "James" final expense whole life insurance | Y |
| 62. 28 | 7/3/24 | 8:16 | (312) 288-8361 | "Becky" from senior benefits. | Y |
| 63. 29 | 7/3/24 | 16:51 | (312) 396-7661 | "Low cost final expense life insurance program" | Y |
| 64. 30 | 7/5/24 | 12:13 | (505) 895-9869 | "Emily Wilson" US Funeral Expenses | Y |
| 65. 31 | 7/5/24 | 13:35 | (312) 392-7035 | "James" final expense whole life insurance | Y |

| | | | | | |
|---|---|---|---|---|---|
| 66. 32 | 7/5/24 | 14:05 | (312) 624-6469 | "Becky" from senior benefits. | Y |
| 67. 33 | 7/6/24 | 10:45 | (440) 363-8632 | "Jennifer" from US Life, final expense life insurance. Longer than natural pause | N |
| 68. 34 | 7/8/24 | 16:08 | (312) 625-6789 | "Becky" from senior benefits. | Y |
| 69. 35 | 7/9/24 | 15:51 | (312) 487-3581 | "Becky" from senior benefits. | Y |
| 70. 36 | 7/10/24 | 9:10 | (312) 248-9391 | Longer than natural pause. Final expense program. | N |
| 71. 37 | 7/12/24 | 8:21 | (312) 967-7854 | "Becky" from senior benefits. | Y |
| 72. 38 | 7/16/24 | 9:16 | (312) 262-4254 | "Dave" "Insurance Supermarket" "final expense plan", provided website. Longer than natural pause | N |
| 73. 39 | 7/16/24 | 13:54 | (312) 248-6164 | "Sam" "new low cost final expense insurance plan" | N |
| 74. 40 | 7/16/24 | 14:14 | (312) 583-3522 | "James" "new final expense whole life insurance" | Y |
| 75. 41 | 7/17/24 | 15:55 | (312) 840-3568 | "James" "American Senior Benefits" "new final expense whole life insurance" | Y |
| 76. 42 | 7/18/24 | 10:47 | (312) 580-2114 | "James" "American Senior Benefits" "new final expense whole life insurance" Longer than natural pause. | Y |
| 77. 43 | 7/18/24 | 14:23 | (815) 516-8372 | "James Brown" "final expense" | N |
| 78. 44 | 7/19/24 | 11:58 | (312) 431-8000 | "James" "American Senior Benefits" "new final expense whole life insurance" Longer than natural pause. | Y |
| 79. 45 | 7/23/24 | 18:20 | (312) 766-3454 | "James" "American Senior Benefits" "new final expense whole life insurance" Longer than natural pause. | N |
| 80. 46 | 7/24/24 | 13:29 | (312) 586-8227 | Longer than natural pause "Zoe" "insurance supermarket" "final expense plan" Provides a call back number of 877-878-7007. Advised not to call back. | N |

7

| 81. 47 | 7/25/24 | 9:15 | (312) 210-7521 | "Butch" "final expense plans", states he is calling from "insurance supermarket". Told them to not call me. | n |
|---|---|---|---|---|---|
| 82. 48 | 7/26/24 | 17:49 | (312) 612-1535 | "Mina" "final care" | Y |
| 83. 49 | 7/29/24 | 9:18 | (312) 477-3423 | "Sushi", "final expense plan", states "insurance supermarket" at the start. Provides a website of insurance-supermarket.com. Told to stop calling. | N |
| 84. 50 | 8/2/24 | 18:36 | (613) 646-4322 | "Andrew" "final expense program" | N |
| 85. 51 | 8/6/24 | 11:36 | (772) 348-6258 | Longer than natural pause. Final expense life insurance program. | N |
| 86. 52 | 8/6/24 | 19:26 | (613) 671-8064 | "Jason" "final expense program." Told him I am not interested. | N |
| 87. 53 | 8/8/24 | 10:44 | (312) 817-1392 | "Cody Walker", "Low cost final expense insurance" | N |
| 88. 54 | 8/13/24 | 16:31 | (312) 899-6044 | "James" "American Senior Benefits, final expense whole life insurance | Y |
| 89. 55 | 8/15/24 | 10:31 | (312) 445-9015 | "James" "American Senior Benefits, final expense whole life insurance | Y |
| 90. 56 | 8/15/24 | 15:28 | (312) 658-0698 | "James" "American Senior Benefits, final expense whole life insurance | Y |
| 91. 57 | 8/15/24 | 17:36 | (464) 444-9756 | "John" with "senior benefits", "final expense", hung up when asked what company | N |
| 92. 58 | 8/16/24 | 11:14 | (312) 642-6500 | "Nancy", "final expense whole life insurance" | Y |
| 93. 59 | 8/16/24 | 11:35 | (630) 560-9683 | "Nancy", "final expense whole life insurance" | Y |
| 94. 60 | 8/16/24 | 13:28 | (779) 933-1357 | "Justin", "final expense whole life insurance" | Y |
| 95. 61 | 8/16/24 | 15:22 | (224) 243-2682 | "Hannah", "US Funeral expenses " | Y |

| 96. 62 | 8/16/24 | 16:06 | (217) 627-0505 | "Cyrus" "Final expense whole life insurance" | Y |
|---|---|---|---|---|---|
| 97. 63 | 8/16/24 | 17:40 | (773) 584-9476 | "Max: "Final expense whole life insurance" | Y |
| 98. 64 | 8/19/24 | 9:20 | (331) 238-5679 | "Max: "Final expense whole life insurance" | Y |
| 99. 65 | 8/19/24 | 10:28 | (312) 222-4300 | "James" "final expense whole life insurance" | Y |
| 100.66 | 8/19/24 | 10:56 | (630) 786-8237 | "Justin", "final expense whole life insurance" | Y |
| 101.67 | 8/19/24 | 12:41 | (331) 219-0325 | "Cyrus" "Final expense whole life insurance" | Y |
| 102.68 | 8/19/24 | 13:04 | (708) 467-5410 | "Cyrus" "Final expense whole life insurance" | Y |
| 103.69 | 8/19/24 | 17:45 | (618) 701-5109 | "Justin", "final expense whole life insurance" | Y |
| 104.70 | 8/19/24 | 18:32 | (312) 734-1057 | "Max: "Final expense whole life insurance" | Y |
| 105.71 | 8/19/24 | 19:26 | (779) 302-9517 | "Nancy", "final expense whole life insurance" | Y |
| 106.72 | 8/20/24 | 9:58 | (630) 385-3402 | "Justin", "final expense whole life insurance" | Y |
| 107.73 | 8/20/24 | 16:27 | (815) 483-2451 | "Cyrus" "Final expense whole life insurance" | Y |
| 108.74 | 8/20/24 | 16:36 | (312) 666-7573 | "James" "final expense whole life insurance" | Y |
| 109.75 | 8/20/24 | 18:16 | (773) 347-2471 | "Nancy", "final expense whole life insurance" | Y |
| 110.76 | 8/20/24 | 18:36 | (779) 307-2314 | "Nancy", "final expense whole life insurance" | Y |
| 111.77 | 8/21/24 | 9:46 | (312) 463-9210 | "Max", "Final expense whole life insurance" | Y |
| 112.78 | 8/21/24 | 11:00 | (630) 633-0429 | "Justin", "final expense whole life insurance" | Y |
| 113.79 | 8/22/24 | 10:59 | (317) 667-0027 | "Mark" "Senior Benefits" "final expenses" | N |
| 114.80 | 8/22/24 | 14:53 | (254) 244-5420 | "Reece" "Final Expense Department" | N |
| 115.81 | 8/22/24 | 16:03 | (847) 469-9454 | "Max", "Final expense whole life insurance" | Y |
| 116.82 | 8/22/24 | 17:45 | (309) 529-4586 | "Nancy", "final expense whole life insurance" | Y |
| 117.83 | 8/23/24 | 10:18 | (224) 217-6152 | "Nancy", "final expense whole life insurance" | Y |

| 118.84 | 8/23/24 | 12:04 | (779) 717-1279 | "Cyrus" "Final expense whole life insurance" | Y |
|---|---|---|---|---|---|
| 119.85 | 8/23/24 | 13:50 | (630) 409-2876 | "Justin", "final expense whole life insurance" | Y |
| 120.86 | 8/23/24 | 14:26 | (224) 464-4287 | "Justin", "final expense whole life insurance" | Y |
| 121.87 | 8/23/24 | 18:24 | (847) 378-8028 | "Justin", "final expense whole life insurance" | Y |
| 122.88 | 8/24/24 | 11:27 | (872) 348-9734 | "Max", "Final expense whole life insurance" | Y |
| 123.89 | 8/24/24 | 12:01 | (708) 919-5175 | "Cyrus" "Final expense whole life insurance" | Y |
| 124.90 | 8/24/24 | 12:53 | (224) 655-1528 | "Cyrus" "Final expense whole life insurance" | Y |
| 125.91 | 9/10/24 | 16:19 | (865) 205-1837 | "Alex" Senior benefits, "final expense" | N |
| 126.92 | 9/24/24 | 16:11 | (312) 212-5193 | "Chris" "financial help for seniors" "final expense program" | Y |
| 127.93 | 9/27/24 | 12:45 | (312) 588-9212 | "William" "Final expense program" | N |
| 128.94 | 9/27/24 | 18:25 | (312) 237-2649 | "Benjamin" "final expense program" | Y |
| 129.95 | 10/7/24 | 18:08 | (312) 569-6721 | "billy" "final expense whole life insurance" | Y |
| 130.96 | 10/8/24 | 10:38 | (854) 500-0786 | "Sam" "senior financial solutions" "final expense " Multiple hellos | N |
| 131.97 | 10/8/24 | 18:01 | (312) 725-6768 | "Chris" "financial help for seniors" "final expense program" | Y |
| 132.98 | 10/9/24 | 14:15 | (312) 637-5861 | "Peter" "senior benefits" "Final expense" | N |
| 133.99 | 10/9/24 | 18:27 | (312) 500-0356 | "Daniel" "final expense program" | Y |
| 134.100 | 10/14/24 | 17:13 | (312) 893-4293 | "Christopher" "final expense" | N |
| 135.101 | 10/15/24 | 17:39 | (312) 819-2763 | "Christopher" "final expense" | N |

136. Plaintiff alleges that the calls identified above which did not consist of a pre-recording were made using an ATDS because of characteristics such as a longer than natural pause, beeps or other tones prior to being connected to a human.

137. The telephone call identified above as Call 38 included the caller providing a website of ISI.

138. The telephone call identified above as Call 46 included the caller providing a call back number of 877-878-7007 which is listed on Insurance Supermarket's Better Business Bureau page. https://www.bbb.org/us/fl/miami/profile/life-insurance/insurance-supermarket-inc-0633-90606061.

139. The telephone call identified above as Call 49 included the caller providing a website of insurance-supermarket.com.

140. The website insurance-supermarket.com identifies an address of Cambridge Innovation Center 1951 NW 7th Avenue #600 Miami FL 33136 in the footer, which is the same address Defendant ISI is registered at.

141. Many of the calls above were pre-recordings.

142. Plaintiff answered all of the telephone calls in the table above.

143. The telephone calls were all similar in nature, advertising final expense programs. Many of the pre-recordings and individuals utilized the same names.

144. Plaintiff requested the caller discontinue calling several times.

145. The caller ID's were often spoofed, and actually altered to include names of public entities or other businesses in order to attempt to get the Plaintiff to answer.

146. The vast majority of the telephone calls were made from local area code numbers displayed on Plaintiff's caller ID.

147. Plaintiff alleges all of the telephone calls in the table above were made by Defendants for the purpose of soliciting the purchase of final expense or other insurance product.

148. This is not the first time Defendants have been sued by consumers for violations of the TCPA.

149. Plaintiff performed a search on UniCourt which aggregates several federal and state court litigation databases and has found at least a dozen TCPA cases against Defendants.

150. Further evidence that the conduct is knowingly and/or willful is that notwithstanding Plaintiff's several requests for Defendants to stop calling, they continued, as well as the prior litigation history.

151.

152. The actions alleged in this complaint were made knowingly and/or willfully.

153. Plaintiff has never consented to calls from Defendants.

154. Defendants may have hired the services of a lead generator who made the telephone calls and then forwarded the information to Defendants. The calls placed were made for the benefit of Defendants.

155. The individual Defendants, as officers of the company, directed, oversaw, and controlled the telemarketing conduct alleged in this complaint. This may have included for example selecting the dialing platforms to be used, overseeing any marketing campaigns which included creating the pre-recorded message, and actually authorizing the dialing.

156. Plaintiff alleges the telephone calls were made by an Automatic Telephone Dialing System ("ATDS").

157. Plaintiff alleges the telephone calls identified with a "Y" in the pre-record column were made by a pre-recorded or artificial voice.

158. Plaintiff has never provided his consent to be called to Defendants.

159. The conduct alleged in this action was made willful and knowingly.

160. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) and/or pre-recorded voice without obtaining Plaintiff's prior express written consent.

161. Defendants did not have any consent to call Plaintiff.

162. Defendants are not an organization exempt from the TCPA.

163. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

164. The impersonal and generic nature of Defendants' calls shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) in making the call.

165. In many of the calls, Defendants would not provide information about who they were in order to evade liability under the TCPA.

166. In total, Defendants' and/or their affiliates placed at least one hundred and one (101) automated calls to Plaintiff.

167. The telephone calls were made in violation of the Illinois ATDA.

168. The telephone calls made interfered with Plaintiff's Caller ID, in violation of the Illinois ATDA.

169. The telephone calls made did not properly identify the caller, in violation of the Illinois ATDA.

170. The telephone calls that included a pre-recording did not ask whether Plaintiff consented to the playing of a pre-recording, in violation of the Illinois ATDA.

171. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.

172. The foregoing acts and omissions were in violation of the TCPA.

173. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

174. Defendants have any information concerning any entities they engage with to perform telemarketing services on their behalf in their custody and/or control.

175. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone or one which is charged for a call except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

176. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

177. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

178. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

179. Plaintiff is also entitled to an award of costs.

180. Defendants' calls were not made for "emergency purposes."

181. Defendants' calls to Plaintiff were made without any prior express written consent.

182. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

183. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

184. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

185. Plaintiff, in discovery will identify additional telephone calls made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying.

186. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

187. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.

188. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

189. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

190. Defendants or one of their affiliates or vendors called Plaintiff's telephone which is charged on a per call and a per minute basis using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one-hundred-and-one (101) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

191. Plaintiff was statutorily damaged at least one-hundred-and-one (101) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

192. Plaintiff was further statutorily damaged because Defendants' willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $101,500.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

### Violation of the Illinois ATDA, 815 ILCS 305.

193. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

194. Defendants or one of their affiliates or vendors called Plaintiff's telephone for solicitation purposes using a pre-recorded voice without his prior consent and in violation of the Illinois ATDA.

195. Defendants or one of their affiliates or vendors called Plaintiff's telephone for solicitation purposes without requesting consent during the call before playing the recording and in violation of the Illinois ATDA.

196. Defendants or one of their affiliates or vendors called Plaintiff's telephone for solicitation purposes while tampering or interfering with the Caller ID and in violation of the Illinois ATDA.

197. Defendants or one of their affiliates or vendors called Plaintiff's telephone for solicitation purposes without providing their complete identifying information and in violation of the Illinois ATDA.

198. The above violations were made at least one-hundred-and-one (101) occasions, for $500.00 per violation, as allowed under 815 ILCS 305/30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $50,500.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $202,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages of $500.00 per call for each and every violation of 815 ILCS 305;

E. All reasonable witness fees, court costs, pre- and post-judgment interest, and other litigation costs incurred by Plaintiff;

F. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Any other relief this Court deems proper.

Respectfully submitted,

Dated: October 15, 2024               /s/ Jorge Alejandro Rojas
                                            JORGE ALEJANDRO ROJAS
                                            Rojas.jorge96@gmail.com
                                            Plaintiff in Pro Se
                                            557 Cambridge Way
                                            Bolingbrook, IL 60440
                                            (424) 219-1582

16