**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JORGE ALEJANDRO ROJAS : | |
| : | |
| Plaintiff, : | Case No.: 1:24-cv-10549 |
| : | |
| v. : | Judge Andrea R. Wood |
| : | |
| INSURANCE SUPERMARKET INC. : | |
| : | |
| Defendant. : | |
| _____/ | |

1

## DEFENDANT INSURANCE SUPERMARKET INC.'S MOTION TO VACATE ENTRY OF DEFAULT

Defendant Insurance Supermarket Inc., by and through its undersigned attorneys, hereby moves this Court pursuant to Federal Rule of Civil Procedure ("FRCP") 55(c) for an order vacating the entry of the default entered against it on March 19, 2025, and denying Plaintiff Jorge Alejandro Rojas's pending Motion for Default Judgement as moot.

## MEMORANDUM OF LAW

### I.     INTRODUCTION

Plaintiff Jorge Alejandro Rojas ("Plaintiff") has brought this case against Defendant Insurance Supermarket Inc. ("ISI") based upon alleged violations of the Telephone Consumer Protection Act ("TCPA") and the Illinois Automatic Telephone Dialers Act ("ATDA"). Plaintiff alleges ISI made telemarketing calls to his phone number. It did not. ISI seeks for this Court to set aside the default entered by the Clerk for good cause because ISI's default was due to inadvertence, rather than willful ignorance, ISI took quick action to correct the default, and ISI has a meritorious defense to Plaintiff's claims.

First, there is good cause to set aside the entry of default. ISI did not receive notice of service in this action until May 15, 2025. *See* Declaration of Sidney Rua ("Rua Decl.") at ¶ 3. As such, ISI's failure to appear was not intentional or willful, but rather, was an inadvertent error as ISI had no knowledge of service in this lawsuit. Rua Decl. at ¶¶ 7, 8.

Second, ISI took quick action to correct the default. Once ISI learned of the entry of default against it on May 15, 2025, it immediately retained counsel and sought to promptly correct the default. *Id*. at ¶¶ 4, 5.

2

Third, ISI seeks to contest Plaintiff's claims on merits and has a meritorious defense because Plaintiff has failed to plausibly allege that ISI is directly or vicariously liable for the at issue calls. *Id*. at ¶ 9.

Lastly, any prejudice that Plaintiff may purport to suffer is minimal compared to the severity of the $202,000.00 default judgement sought against ISI.

ISI must be given the opportunity to contest the merits of the allegations against it. This Court should therefore vacate the entry of default against ISI and deny Plaintiff's Motion for Default Judgement as moot, so that this matter may be resolved on merits.

## II.   RELEVANT FACTS

Plaintiff, Jorge Alejandro Rojas, filed this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305, against ISI and its officers Alexander Dudarev and Vanessa Fonseca on October 15, 2024.[1] Dkt. 1. Subsequently, Plaintiff purported to serve ISI on December 9, 2024, via a process server. Dkt. 7. According to the Proof of Service filed by Plaintiff, the summons was served on ISI's registered agent, Harvard Business Services, Inc ("HBSI"), at the address 16192 Coastal Hwy Lewes, DE, 19958. *Id.*

In the regular course of business, HBSI notifies the owner of ISI, Alexander Dudarev, of service. Rua Decl. at ¶ 2. Alexander Dudarev normally emails any notifications received from HSBI to Sidney Rua, ISI's Vice President of Privacy, Compliance & Legal. *Id.* However, on January 13, 2025, HBSI from its email address mail@delawareinc.com emailed the summons and complaint in this action to Sidney Rua. *Id.* at ¶ 6. The email from HBSI was inadvertently filtered

---

[1] Plaintiff voluntarily dismissed his claims as to Alexander Dudarev and Vanessa Fonseca without prejudice on March 12, 2025. Dkt. 15.

3

into Sidney Rua's spam folder and only discovered on May 15, 2025. *Id.* Therefore, ISI had no knowledge of service in this lawsuit and could not make an appearance. *Id.* at ¶ 3.

Consequently, on January 1, 2025, Plaintiff sought the entry of default against ISI. Dkt. 10. On March 19, 2025, Plaintiff made an oral request for FRCP 55(a) default, which the Court entered. Dkt. 17. On April 20, 2025, Plaintiff filed a Motion for Default Judgement against ISI. Dkt. 18. Plaintiff's Motion for Default Judgement has been taken under advisement by this Court, and a telephonic status hearing is set for May 27, 2025. Dkt. 19.

Notably, Plaintiff knew that Vanessa Fonseca was also ISI's registered agent, at ISI's principal business and mailing address 1951 Northwest 7th Avenue 600 Miami, FL 33136 (the "Miami address"). *See* Dkt. 11 at 2; Dkt 18 at Ex. 2. In his Motion for Extension of Time to Serve Defendants Alexander Dudarev and Vanessa Fonseca, filed the very same day as his Motion for Entry of Default against ISI, Plaintiff forthright admits that the addresses listed for the officer defendants "is a company address" and that Vanessa Fonseca "is listed as the registered agent for [ISI] in its foreign entity registration." Dkt 11 at 2. Plaintiff even stated that he had "retained a process server to attempt service on Vanessa Fonseca at the address listed with the Florida Secretary of State." *Id.* Thereafter, Plaintiff voluntarily dismissed his claims as to Vanessa Fonseca. Dkt. 15.

In his Motion for Default Judgement, while Plaintiff alleged that ISI "lists its registered agent as Harvard Business Services, Inc 16192 Coastal Hwy Lewes, DE, 19958", Plaintiff attached a copy of ISI's foreign corporate registration filed with Florida. Dkt. 18 at 1. However, ISI's foreign corporate registration shows that ISI's registered agent is Vanessa Fonseca at the Miami address. Dkt 18 at Ex. 2. Yet, Plaintiff never attempted to serve ISI at the Miami address.

4

Accordingly, ISI did not have actual notice of service in this lawsuit and was never given the opportunity to respond to Plaintiff's allegations. Rua Decl. at ¶¶ 3, 4, 6. ISI was unaware of the pending lawsuit because of an inadvertent error and it did not willfully ignore the proceedings. *Id*. at ¶¶ 7, 8. Once ISI learned of this lawsuit and the entry of default against it, it acted promptly to retain counsel and seek relief. *Id*. at ¶ 5.

### III.     LEGAL STANDARD

Under FRCP 55(c), "the court may set aside an entry of default for good cause". Fed. R. Civ. PP. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Strabala v. Zhang*, 318 F.R.D. 81, 89 (N.D. Ill. 2016) (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009)).

"Rule 55(c)'s 'good cause' standard is a lenient one that does not depend on there being a good excuse for the defendant's failure to appear in a timely manner." *Strabala*, 318 F.R.D. at 91. Instead, "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Id.* (quoting *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007)).

While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir.1989).

### IV.     ARGUMENT – THIS COURT HAS THE POWER TO SET ASIDE THE CLERK'S DEFAULT THAT WAS ENTERED AGAINST ISI

Motions to vacate default judgments are adjudicated using a three-part test. The moving party must show: "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Anderson v. New Image Painting*

5

*& Decorating, Inc.,* No. 07 C 4049, 2008 WL 4547492, at *1 (N.D. Ill. Apr. 11, 2008); *see also Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 675 (7th Cir.1987).

  A. <u>**There is Good Cause to Vacate the Entry of Default Against ISI**</u>

  The entry of default against a defendant can be vacated under general "good cause" principles applicable to Rule 55(c) motions. *1025 W. Addison St. Apartments Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20-CV-06811, 2021 WL 2136073, at *4 (N.D. Ill. May 26, 2021). Good cause for default may exist where, as here, a party "fail[ed] to respond to a summons or complaint through inadvertence." *Norman v. City of Lake Station*, 845 Fed. App'x 459, 460 (7th Cir. 2021) (affirming the district court's order setting aside the entry of default where the complaint and summons were received but never delivered to the proper officials).

  Indeed, a default judgment is a sanction for misconduct during the litigation. *Sims*, 475 F.3d at 868. "For that reason, a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Bd. of Trs. of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007) (holding that default judgment is a weapon of last resort, appropriate only when a party willfully disregards pending litigation). ISI has not committed any misconduct worthy of such an extreme sanction. *Id.* (affirming district court's decision to vacate its entry of default, because "this case does not represent one of those rare situations in which entry of default is appropriate."); Rua Decl. at ¶¶ 7, 8.

  ISI's registered agent HBSI only forwarded the summons and complaint to ISI on January 13, 2025 35 days after it was served. Dkt. 7; Rua Decl. at ¶ 6. Courts in this district have previously found "good cause" exists when default judgment derives from a defendant's registered agent's failure to notify it of the pending litigation. *See e.g., Coyote Logistics, LLC v. AMC Cargo Inc.*, No. 16 C 6371, 2017 WL 1862642, at *2 (N.D. Ill. May 9, 2017) (granting defendant's motion to

6

vacate default judgement). However, even when the summons and complaint were sent, they were not sent to Alexander Dudarev, as was the usual course of business, but rather emailed directly to Sidney Rua. Rua Decl. at ¶¶ 2, 6. While there may have been an error in ISI's internal processes, ISI certainly did not engage in "willful avoidance." *Norman*, 845 F. App'x at 460 (finding that the defendant had made a general mistake but had not engaged in any willful avoidance); *see also Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (finding good cause when a defendant's counsel failed to provide him with the deadline for a pleading); *Cracco*, 559 F.3d at 629–31 (finding good cause when a registered agent forwarded the summons and the complaint to an employee who "did not understand their significance").

Like the defendant in *Cracco*, ISI's default was due to inadvertence, rather than willful ignorance. Rua Decl. at ¶¶ 7, 8. The email from HBSI alerting ISI as to the service of process was inadvertently filtered into Sidney Rua's spam folder and only discovered by him on May 15, 2025. *Id.* at ¶ 6. Thereafter, instead of disregarding the pending litigation, ISI, secured counsel the very same day and acted promptly to correct the default. *Id.* at ¶ 5; *see 1025 W. Addison St. Apartments Owner, LLC*, 2021 WL 2136073, at *10 (granting motion to set aside default judgement because the defendant showed that "it is committed to actively defending itself"). ISI has not displayed "a pattern of disregard for the Court's orders" and is committed to complying with all court orders and deadlines. Rua Decl. at ¶ 10; *Passarella*, 810 F.2d at 677 (suggesting that a "willful pattern of disregard for the court's orders and rules" supports the absence of good cause).

Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error. *Sims.*, 475 F.3d at 868. "Damages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case." *Id.*

7

Here, Plaintiff is seeking entry of a default judgement in the amount of $202,000.00 against ISI. Dkt 18 at 11. Plaintiff's calculations of damages include treble damages for knowing and/or willful violations of the TCPA. *Id.* at 9. This sum is severely disproportionate to any wrong alleged by Plaintiff. The severity of this judgement is even more egregious because Plaintiff is unlikely to prevail on the merits of his claim. Rua Decl. at ¶¶ 11-14. As explained in more detail below, Plaintiff fails to plausibly allege that ISI liable for any calls made in violation of the TCPA or the ATDA. As such, Plaintiff effectively seeks to hold ISI liable on a technicality for acts not committed by or on behalf of ISI. *Id.* Giving ISI the opportunity to defend itself against a $202,000.00 judgement will not cause Plaintiff any prejudice. *See, e.g., Fed. Trade Comm'n v. Construct Data Publishers*, No. 13-cv-01999, 2014 WL 7004999, at *6 (N.D. Ill. Dec. 11, 2014) ("[T]he disproportionate size of the default judgment—$9.1 million—in comparison with the minimal prejudice suffered by the [plaintiff] represents good cause to vacate the default judgment"); *see also Foman v. Davis*, 371 U.S. 178, 181 (1962) (noting that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of ... mere technicalities").

In light of the fact that "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment", there is no reason why ISI should be denied the opportunity to contest the merits of Plaintiff's claim. *Sun.*, 473 F.3d at 811 (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases)); *Strabala*, 318 F.R.D. at 91.

Accordingly, there exists good cause to set aside the entry of default.

**B.      <u>ISI Took Quick Action to Correct the Default</u>**

"What constitutes 'quick action' varies from case to case" and relies heavily upon the specific circumstances of the case. *Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 861 (7th Cir. 2016). "In some cases a delay of even a few weeks is unacceptable [while in] others, a ten-week delay is still considered prompt action." *Sullivan v. Gen. Plumbing, Inc.*, No. 06C2464, 2007 WL 1030236, at *4 (N.D. Ill. Mar. 31, 2007). Courts should consider the action taken by a party after notification of the litigation in determining whether a defendant acted quickly. *Trade Well Int'l*, 825 F.3d at 861.

Here, ISI received actual notice of this litigation on May 15, 2025. Rua Decl. at ¶¶ 3, 4. ISI secured counsel the very same day to make a prompt appearance in this matter. *Id.* at ¶ 5. The present Motion to Vacate was filed on May 21, 2025, a mere six days later and before the status hearing set for May 27, 2025.

Therefore, ISI has taken quick action to correct the default, without any undue delay. *See e.g., Coyote*, 2017 WL 1862642, at *3 (finding that the defendant took quick action when it was notified of the litigation on September 21, 2016, secured the assistance of counsel on October 28, 2016, and filed the motion to vacate default judgment on November 4, 2016); *1025 W. Addison St. Apartments Owner*, 2021 WL 2136073, at *10 (granting the defendant's motion to set aside default judgment filed 21 days after default judgement was entered); *Norman*, 845 F. App'x at 461 (moving to vacate the default in less than two weeks satisfied the prompt-action requirement).

    **C.**    **ISI Has A Meritorious Defense To Plaintiff's Claims Because It Did Not Make the Calls At Issue**

To make a sufficient showing of a meritorious defense, a defendant must notify the plaintiff and the district court of the nature of its defense and provide the factual basis for that defense. *Cracco*, 559 F.3d at 631. This standard is "more than bare legal conclusions ... but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505

9

(7th Cir. 2014). A defense is considered meritorious so long as "the outcome of the suit may be different," even if the defendant is not guaranteed to prevail. *IDT Corp. v. Unlimited Recharge, Inc.*, No. 12 C 8471, 2013 WL 1245727, at *2 (N.D. Ill. Mar. 27, 2013).

Here, Plaintiff has failed to state a TCPA or ATDA claim against ISI because Plaintiff does not plausibly allege that ISI is either directly or vicariously liable for the at issue calls.

Direct liability under the TCPA applies only to entities that "initiate" the telemarketing calls. *See In re Joint Petition filed by Dish Network, LLC,* 28 F.C.C.R. 6574, 6582 ¶ 24 (2013) (hereinafter, the "FCC Ruling" or "*Dish Network* ") ("[W]e clarify that a seller is not directly liable for a violation of the TCPA unless it initiates a call ..."). A person or entity "initiates" a telephone call when "it takes the steps necessary to physically place a telephone call." *See FCC Ruling,* 28 F.C.C.R. at 6583 ¶ 26. However, Plaintiff does not allege ISI physically placed the alleged calls, as is required for it to be held directly liable. *Id.* In fact, Plaintiff has failed to allege any facts whatsoever to support his claim that ISI initiated the phone calls. *Warciak v. Subway Restaurants, Inc.,* No. 1:16-CV-08694, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019), aff'd, 949 F.3d 354 (7th Cir. 2020) ("To be directly liable for a TCPA violation, an entity must either physically place the call or be "so involved in the placing" of the call that the entity essentially made it themselves."). Instead, Plaintiff alleges that ISI is "directly liable as the party that caused the unlawful calls to be placed." Dkt. 1 at ¶ 187. But even if the alleged calls were placed on ISI's behalf, Plaintiff cannot hold ISI directly liable under the TCPA. *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014).

Neither can Plaintiff establish ISI's vicarious liability for the alleged calls. Plaintiff makes conclusory allegations that the alleged calls were made for ISI's benefit. Dkt. 1 at ¶¶ 154, 186. However, Plaintiff has failed to plausibly allege what relationship, if any, the callers have with ISI.

10

At most, Plaintiff identifies three calls in which a website or callback number was allegedly provided by a live agent who may or may not be affiliated with ISI. Dkt. 1 at ¶¶ 137–139. Yet, even Plaintiff's allegations regarding these three calls are insufficient to establish direct or vicarious TCPA liability. Courts in this district have made clear that a plaintiff must allege more than a theoretical relationship to support a finding of vicarious liability. See e.g., *Bilek v. Nat'l Cong. of Emps., Inc.*, 470 F. Supp. 3d 857, 861 (N.D. Ill. 2020) ("Plaintiff has sufficiently pleaded a plausible claim of vicarious liability through a chain of agent and subagent relationships ..."); *Smith*, 30 F.Supp.3d at 775 (holding that the plaintiff alleged a sufficient factual basis to hold the defendant vicariously liable for a TCPA violation where the complaint included details of the defendant's control over the quality, timing, and volume of calls, as well as the geographic location of customers to be targeted); *Warciak*, 2019 WL 978666, at *2 ("To find that a common-law agency relationship existed, the alleged facts must indicate that the principal has control over the agent's acts.").

In addition, even if any of the at issue calls were made by or on behalf of ISI, consent is a valid defense to both the TCPA and the ATDA claims. The TCPA prohibits the use of autodialers or prerecorded voice only if the call is made "without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A); *see also Zeidel v. Nat'l Gas & Elec., LLC*, No. 18 CV 06792, 2019 WL 2161546, at *4 (N.D. Ill. May 17, 2019) ("Prior express consent is an affirmative defense under the TCPA"). Similarly, the ATDA prohibits autodialed calls that play a prerecorded message "without the consent of the called party." 815 ILCS 305/30(b). While Plaintiff's alleges in a conclusory manner that he did not consent to be called, ISI should be given the benefit of discovery to test the sufficiency of Plaintiff's allegations.

Under the liberal Rule 55(c) standard, the presence of these plausible defenses strongly favors vacating the entry of default and adjudicating this case on the merits.

## V. CONCLUSION

For the foregoing reasons, ISI respectfully requests that this Court vacates the entry of default entered against it on March 19, 2025, and denies Plaintiff's pending Motion for Default Judgement as moot.

Dated: May 21, 2025

INSURANCE SUPERMARKET INC.

By: */s/ Peter A. Silverman*
    Peter A. Silverman

    Eric J. Troutman
    Puja J. Amin
    Tori L. Guidry
    TROUTMAN AMIN, LLP
    400 Spectrum Center Drive,
    Suite 1550
    Irvine, California 92618
    Telephone: +1 949 350 3663
    Facsimile: +1 949 203 8689
    troutman@troutmanamin.com
    amin@troutmanamin.com
    tori@troutmanamin.com

    Peter A. Silverman
    William J. Sullivan
    SMITH GAMBRELL & RUSSELL LLP
    311 S Wacker Drive
    Suite 3000
    Chicago, Illinois 60606
    Telephone: 312-360-6000
    psilverman@sgrlaw.com
    wsullivan@sgrlaw.com

    *Attorneys for Defendant Insurance Supermarket Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2025, a copy of the foregoing was served by ECF to the parties and/or counsel of record.

*/s/Peter A. Silverman*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JORGE ALEJANDRO ROJAS | : | |
| | : | Case No.: 1:24-cv-10549 |
| Plaintiff, | : | |
| | : | Judge Andrea R. Wood |
| v. | : | |
| | : | |
| INSURANCE SUPERMARKET INC. | : | |
| | : | |
| Defendant. | : | |
| _____ / | | |

### DECLARATION OF SIDNEY RUA IN SUPPORT OF DEFENDANT INSURANCE SUPERMARKET INC.'S MOTION TO VACATE ENTRY OF DEFAULT

I, Sidney Rua, declare as follows:

1. I am Vice President of Privacy, Compliance & Legal at Insurance Supermarket Inc. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to the matters stated herein.

2. Harvard Business Services, Inc. ("HBSI") is ISI's registered agent for service of process in the state of Delaware. In the regular course of business, HBSI accepts summons on behalf of ISI and notifies the owner of ISI, Alexander Dudarev, of service. Alexander Dudarev normally emails me any notices that he receives.

3. ISI did not know that it had been served in the matter titled *Rojas v. Insurance Supermarket Inc. et al*, 1:24-cv-10549 (the "Action") until May 15, 2025.

4. On May 15, 2025, I was informed by ISI's external counsel, retained for a separate matter, that there is an entry of default and pending motion for default judgement for the amount of $202,000.00 in the Action.

5. On May 15, 2025, I engaged external counsel to represent ISI in the Action and instructed them to promptly correct the default.

6. On May 15, 2025, I searched my email inboxes and found an email dated January 13, 2025, from HBSI's email address mail@delawareinc.com in the spam folder. This email contained notification of service of process in the Action. I had not seen this email prior to May 15, 2025.

7. ISI's failure to appear in the Action was the result of an inadvertent error.

8. ISI did not intentionally or willfully avoid litigating the Action.

9. ISI is committed to actively defending itself in the Action.

10. ISI is committed to complying with all court orders and deadlines in the Action.

11. ISI complies with all applicable federal, state, and local telemarketing, consumer protection, and privacy laws, including but not limited to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305.

12. ISI does not make or initiate illegal telemarketing calls.

13. ISI does not direct or authorize the conduct of illegal telemarketing activities on its behalf.

14. ISI does not accept any benefit from any calls that it knows to be unlawful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

///

Executed on 5/21/2025 , at Newmarket, Ontario, Canada .

Signed by:

*[signature]*

F831A36515974IC...

**Sidney Rua**

Vice President of Privacy, Compliance & Legal,

Insurance Supermarket Inc.