## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JORGE ALEJANDRO ROJAS,

*Plaintiff,*

vs.

INSURANCE SUPERMARKET INC,

*Defendant.*

Case No. 1:24-cv-10549

Judge Andrea R. Wood
Magistrate Judge Jeffrey Cole

## PLAINTIFF'S OPPOSITION TO MOTION TO VACATE ENTRY OF DEFAULT

Plaintiff, Jorge Alejandro Rojas, responds in opposition to Defendant Insurance Supermarket Inc's ("Defendant") motion to vacate entry of default (Dkt. 21). For the reasons set forth below, the Court should deny the motion.

### I.    Procedural History

This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305, alleging Defendant or an agent acting on its behalf called Plaintiff without prior express written consent at least 101 times. Plaintiff commenced this action on October 15, 2024. Dkt. 1. Initially, Plaintiff sued the corporate officers of Defendant, but those were dismissed without prejudice. Dkt. 15.

Defendant was served on December 9, 2024, at its duly appointed registered agent. Dkt. 7. Plaintiff sought the entry of default via motion on January 1, 2025. Dkt. 10. On March 19, 2025, Plaintiff made an oral request for FED. R. CIV. P. 55(a) default, which the Court entered. Dkt. 17.

1

Plaintiff then filed a motion for default judgment, which is pending before the Court. On May 21, 2025, Defendant filed the instant motion to vacate the entry of default. Dkt. 21.

## II. Rule 55(c) Standards are Not Met Here

Defendant must show that it "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Anderson v. New Image Painting & Decorating, Inc.*, No. 07 C 4049, 2008 WL 4547492, at *1 (N.D. Ill. Apr. 11, 2008); *see also Passarella v. Hilton Int'l Co.*, 810 F.2d 674, 675 (7th Cir.1987).

Plaintiff does not dispute that Defendant has taken "quick action" to correct the default, except that he disputes the date on which Defendant received "actual notice" of the lawsuit.

### a. Defendant Cannot Show Good Cause for Default

Defendant cannot show good cause for the default. Plaintiff contacted several different attorneys that represent or have represented Defendant prior to seeking default judgment and defendant should have been on notice of this action sooner than the date they claim.

Generally, a client is bound by his chosen agent's deeds. *U.S. v. 8136 S. Dobson St., Chi., Ill.,* 125 F.3d 1076, 1084 (7th Cir. 1997). In determining whether a defendant has established good cause for its default, courts should consider whether it "willfully ignore[d] the pending litigation." *Wehrs*, 688 F.3d at 890 (finding good cause when a defendant's counsel failed to provide him with the deadline for a pleading); *Cracco*, 559 F.3d at 629–31 (finding good cause when a registered agent forwarded the summons and the complaint to an employee who "did not understand their significance").

In *Coyote Logistics v. AMC Cargo, Inc* which Defendant cites to (Dkt. 21 at 6) this Court vacated default because there was no evidence of willful ignorance of the lawsuit.

2

Here, Defendant's litigation strategy in this case was to ignore this action – and the Court need only look at the series of correspondence between Plaintiff and Defendant, and their counsel in other represented matters to make such finding.

Prior to commencing this action – on July 12, 2024 Plaintiff e-mailed Matthew Pitts, who has served as counsel for Defendant in *Crews v. Insurance Supermarket, Inc,* 2:24-cv-00365-SMM (D. Ariz.), asking if he still represented them. Exhibit 1, Dec'l of J. Rojas, ("Rojas Dec'l") ¶ 3. Plaintiff followed up on July 16, 2024. Rojas Dec'l ¶ 4. On July 24, 2024, Mr. Pitts responded in part as follows "I will ping them tonight and will let you know if I am asked to reach out to you on this." Rojas Dec'l ¶ 5. Plaintiff received no further reply, but followed up again on July 24 and August 2, 2024. Rojas Dec'l ¶ 6. The subject line of my email was "Rojas v. Insurance Supermarket Inc."

Upon commencing this action, on October 18, 2024, Plaintiff mailed each Defendant requests to waive service of the summons. Rojas Dec'l ¶ 8. This was mailed to both the corporate Defendant as well as the individual officers at addresses 1951 Nw 7th Ave Ste 600 Miami, FL 33136. Rojas Dec'l ¶ 8. No waiver was returned. Rojas Dec'l ¶ 9. However, tracking records indicate delivery on October 22, 2024 for the package to then-Defendant Fonseca and October 23 for then-Defendant Dudarev. Rojas Dec'l ¶ 10.

Plaintiff has also made additional mailings to the registered agent address as well as the 1951 Nw 7th Ave Ste 600 Miami, FL 33136 address listed for Defendants with the Florida Secretary of State. In addition to the waivers, a copy of the motion for entries of default as to Insurance Supermarket, and the extension of time requests for the initial status report and for service of process were mailed on or about January 2, 2025, and the notice of voluntary dismissal as to the individuals, and the status report were mailed March 13, 2025. Rojas Dec'l ¶ 11.

A copy of the motion for default judgment and the notice were also mailed to this address, with USPS Tracking indicating delivery on April 24, 2025. Rojas Dec'l ¶ 12.

On March 2, 2025, Plaintiff e-mailed Linn Gillen, who has served as counsel for Defendant in *Escano v. Insurance Supermarket Inc*, 2:23-cv-00793 (D. NM.), asking if she still represented the individual officers. Rojas Dec'l ¶ 13. The notice was mailed using a subject line of "1:24-cv-10549 Rojas v. Insurance Supermarket Inc. et al." Rojas Dec'l ¶ 13. Plaintiff mailed the email with a read receipt, which indicates that the email was opened at least 6 times. Rojas Dec'l ¶ 14. Plaintiff followed up on March 5, 2025, and received no replies. Rojas Dec'l ¶ 15.

In sum, this is not a situation where Defendant was surprised by this lawsuit. If Defendant's registered agent did not properly forward correspondence in accordance with its contracts with Defendant, that is a matter for Defendant to resolve with its corporate agent. Moreover, the repeated contact attempts to two different counsel, who have represented defendant in other (interestingly, also actions under the TCPA) matters demonstrates a lack of good cause for default.

This record demonstrates a lack of wanting to pursue litigating this action. It is unlikely that two separate lawyers for Defendant would not inform their client of the existence of this lawsuit. More likely, Defendant's new counsel has recommended their clients litigate this action – but that should not excuse Defendant's lack of attention and ignorance for this matter. Defendant's should have had actual or constructive notice of the lawsuit before the eve of their motion.

Defendant's litigation conduct prior to this point is sufficient for the Court to deny its motion. *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc*., 925 F.2d 226, 230 (7th Cir. 1991) ("[W]e need not pause long on the issue of a meritorious defense. Even if one exists, standing alone, it cannot excuse carelessness.").

4

While the sum of the judgment sought - $202,000 – may be sobering, Defendant was on notice of the case and the amount sought. Additionally, while Plaintiff believes that this is certainly a case where the telephone calls were made in a knowingly and/or willful manner, justifying the 202,000 amount, the Court can exercise its discretion and not award all or part of the treble damages sought.

### b. Defendant Does not Have a Meritorious Defense

A meritorious defense is not necessarily one which must, beyond a doubt, succeed *in* defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir.1990); *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982); *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994).

Defendant appears to assert that it has at least two defenses at this stage – one that Plaintiff doesn't plead vicarious liability and another that there was consent. Defendant provides no facts in support of consent – and merely states that discovery may or may not reveal there was consent. It should be relatively simple for Defendant to search its records to see if it had consent to call Plaintiff. What Defendant provides is not sufficiently factually supported. Defendant would need prior express written consent from Plaintiff to make the telephone calls at issue.

Simultaneously, it argues that Plaintiff doesn't plead vicarious liability. Plaintiff's complaint includes references to the fact that other actors may have placed the calls on behalf of defendant. Dkt. 1 ¶ 186 ("Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling."), ¶ 34 ("The table below identifies the calls Plaintiff has received which he alleges were made by Defendants, or an entity acting on their behalf.")

5

### III.    Conclusion

Defendant's motion omits the other relevant facts the Court should consider when deciding whether default should be vacated. Here, Plaintiff contacted several different counsel for Defendant – and also mailed copies of filings (including the motion for default judgment itself) to the address listed with the Florida Secretary of State as part of their corporate registration. With these additional facts, the reality becomes that Defendants were or should have been aware of the lawsuit and nevertheless decided to ignore it.

The Court should therefore deny Defendant's motion.

Respectfully submitted,

Dated: June 9, 2025.                                                    /s/ Jorge Alejandro Rojas

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

### CERTIFICATE OF SERVICE

A copy of this filing will be sent to all parties via CM/ECF.

/s/ Jorge Alejandro Rojas