IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE ALEJANDRO ROJAS | : | |
| Plaintiff, | : | Case No.: 1:24-cv-10549 |
| v. | : | Judge Andrea R. Wood |
| INSURANCE SUPERMARKET INC. | : | |
| Defendant. | : | |

**DEFENDANT INSURANCE SUPERMARKET INC.'S REPLY IN SUPPORT OF ITS MOTION TO VACATE ENTRY OF DEFAULT**

I. **INTRODUCTION**

Plaintiff Jorge Alejandro Rojas's ("Plaintiff") Opposition to Defendant Insurance Supermarket Inc.'s ("ISI") motion to vacate entry of default (the "Motion") does not negate ISI's showing of good cause to grant the Motion and set aside the entry of default.

Plaintiff sets forth irrelevant arguments about his purported contact with individuals who do not represent ISI in this matter and have never represented ISI at all. *See* Second Declaration of Sidney Rua in Support of ISI's Motion to Vacate Entry of Default ("Second Rua Decl.") at ¶¶ 3-5. Whether or not Plaintiff contacted these individuals has no bearing on this matter, because summons was served on ISI's registered agent, Harvard Business Services, Inc ("HBSI"), at the address 16192 Coastal Hwy Lewes, DE, 19958 on December 9, 2024. Dkt. 7. And, as set forth in the Motion and accompanying declaration, ISI failed to receive notice of service due to an inadvertent error and *not* due to any willful or intentional ignorance. *See* Dkt. 21 at 3-5. Declaration of Sidney Rua in Support of ISI's Motion to Vacate Entry of Default ("First Rua Decl.") at ¶¶ 2-8.

1

Additionally, Plaintiff claims ISI does not have a meritorious defense. First, Plaintiff asserts ISI has provided no facts in support of its defense that Plaintiff consented to receiving telemarketing text messages and calls from ISI. Plaintiff states that "[i]tshould be relatively simple for [ISI] to search its records to see if it had consent to call Plaintiff." Dkt. 27 at 5. Indeed, ISI *has* searched its internal records and found that Plaintiff *did* consent to receiving telemarketing calls and texts. Second Rua Decl. at ¶ 6. However, ISI does not need to prove its consent defense at this stage. A defense is considered meritorious so long as "the outcome of the suit may be different," even if the defendant is not guaranteed to prevail. *IDT Corp. v. Unlimited Recharge, Inc.*, No. 12 C 8471, 2013 WL 1245727, at *2 (N.D. Ill. Mar. 27, 2013).

Second, Plaintiff contends that his complaint does plead vicarious liability because "includes references to the fact that other actors may have placed the calls on behalf of defendant." Dkt. 27 at 5. However, as explained in ISI's Motion to Vacate, Plaintiff's bare and conclusory allegations that "[ISI] hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling", Dkt. 1 ¶ 186, and "The table below identifies the calls Plaintiff has received which he alleges were made by Defendants, or an entity acting on their behalf", *Id* at ¶ 34, are grossly insufficient to establish vicarious liability.

ISI has demonstrated that there is "good cause" to set aside the default and has made a preliminary showing of a meritorious defense that will likely change the outcome of this suit. And Plaintiff does not dispute that ISI has taken quick action to correct the default. Dkt. 27 at 2. Accordingly, ISI's motion should be granted, and this Court should set aside the entry of default.

**II.     ARGUMENT – ISI HAS MET RULE 55(C)'S STANDARDS FOR SETTING ASIDE ENTRY OF DEFAULT.**

The entry of default against a defendant can be vacated under general "good cause" principles applicable to Rule 55(c) motions. *1025 W. Addison St. Apartments Owner, LLC v. Grupo*

*Cinemex, S.A. de C.V.*, No. 20-CV-06811, 2021 WL 2136073, *4 (N.D. Ill. May 26, 2021). A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Strabala v. Zhang*, 318 F.R.D. 81, 89 (N.D. Ill. 2016) (quoting *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009)).

A.     **There is "Good Cause" to Vacate the Entry of Default Against ISI.**

Good cause for default may exist where a party "fail[ed] to respond to a summons or complaint through inadvertence." *Norman v. City of Lake Station*, 845 Fed. App'x 459, 460 (7th Cir. 2021) (affirming the district court's order setting aside the entry of default where the complaint and summons were received but never delivered to the proper officials); *see also 1025 W. Addison St. Apartments Owner, LLC*, 2021 WL 2136073 at *10 (granting motion to set aside default judgement because the defendant showed that "it is committed to actively defending itself").

Courts in this district have previously found "good cause" exists when default judgment derives from a defendant's counsel or registered agent's failure to notify it of the pending litigation. *See e.g., Coyote Logistics, LLC v. AMC Cargo Inc.*, No. 16 C 6371, 2017 WL 1862642, at *2 (N.D. Ill. May 9, 2017) (granting defendant's motion to vacate default judgement); *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (finding good cause when a defendant's counsel failed to provide him with the deadline for a pleading); *see also Cracco*, 559 F.3d at 629–31 (finding good cause when a registered agent forwarded the summons and the complaint to an employee who "did not understand their significance").

The Court should find that "good cause" exists here as well.

**1.     ISI Is Not Bound By the Conduct of Unauthorized Individuals.**

3

In Illinois, an attorney is the agent of their client. *See Bradford v. Denny's Inc.*, No. 97 C 1531, 1998 WL 312009, at *3 (N.D. Ill. June 4, 1998). Generally, a client is bound by the acts or omissions of his attorney ***if the conduct is within the scope of the attorney's authority***. *Id.* (citing *Sakun v. Taffer*, 268 Ill.App.3d 343, 205 Ill.Dec. 664, 643 N.E.2d 1271, 1277) (emphasis added). The existence of an attorney-client relationship on one matter does not mean that the attorney "represents that person for any or all subsequent, unrelated ... matters." *Secured Worldwide, LLC v. Kinner*, No. 15 CIV. 1761 CM, 2015 WL 4111325, at *4 (S.D.N.Y. June 24, 2015) (quoting *Heine v. Colton, Hartnick, Yamin & Sheresky,* 786 F.Supp. at 367).

Here, Plaintiff asserts that his purported communication about this action with Matthew Pitts and Linn Gillen demonstrates ISI's knowledge of service herein. But such an assertion is contradictory to the rules governing attorney-client representation.

Firstly, Plaintiff states that Matthew Pitts served as counsel for ISI in a separate matter titled *Crews v. Insurance Supermarket, Inc,* 2:24-cv-00365-SMM (D. Ariz.). Dkt. 27 at 3. This is incorrect. Indeed, ISI has no record of any attorney-client relationship with Matthew Pitts. Second Rua Decl. at ¶ 4. If Plaintiff did in fact notify Matthew Pitts of this action, Matthew Pitts was under no obligation to, and *did not*, communicate with ISI about the present lawsuit. *Id.*

Secondly, Plaintiff contends that he e-mailed Linn Gillen, in an e-mail with the subject line: "1:24-cv-10549 Rojas v. Insurance Supermarket Inc. et al.", asking if she represented the "individual officers." Dkt. 27 at 4. But by Plaintiff's own admission, Ms. Gillen was engaged by ISI in an entirely different lawsuit before the District Court of New Mexico titled *Escano v. Insurance Supermarket Inc*, 2:23-cv-00793. *Id.* Ms. Gillen has not served as counsel for ISI in this matter and had no authority to make a representation on ISI's behalf in the present lawsuit. *See Balavender v. Shelley*, 587 F. Supp. 1054, 1056 (N.D. Ill. 1984) (holding that a client is not bound

4

by actions for which a lawyer does not have *express* authority); *see also* Second Rua Decl. at ¶ 3. Accordingly, Ms. Gillen did not inform ISI about the existence of the present lawsuit, service in the present lawsuit, or any communication with Plaintiff herein. Second Rua Decl. at ¶ 4.

Therefore, Plaintiff's assertion that ISI is bound by Matthew Pitts and/or Ms. Gillen's purported knowledge of this lawsuit is incorrect.

**2.     ISI Did Not Willfully Ignore the Present Lawsuit.**

Rule 55(c)'s 'good cause' standard is a lenient one that does not depend on there being a good excuse for the defendant's failure to appear in a timely manner." *Strabala*, 318 F.R.D. at 91. Instead, "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Id.* (quoting *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007)). While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir.1989).

Plaintiff asserts that ISI's "litigation conduct prior to this point is sufficient for the Court to deny its motion." Dkt. 27 at 4. Plaintiff relies on *Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991), a case where the Court found that the defendant had not demonstrated *excusable neglect* under Rule 60(b) to warrant vacating default judgement. *Zuelzke*, 925 F.2d at 231. In *Zuelzke*, the defendant conceded that it received the summons and complaint but was advised by a successor entity to take no further action while efforts were being made to substitute the defendant. *Id.* at 229. The Court held that the defendant's careless reliance on this statement "was no less than a deliberate and willful abdication of [its] legal responsibility to protect its own interests in the litigation." *Id.* Further still, the defendant in *Zuelzke* took no action to seek relief until four months after the default judgment. *Id.* at 230.

5

The facts herein are entirely distinct from *Zuelzke.* Here, ISI's registered agent HBSI only forwarded the summons and complaint to ISI on January 13, 2025, 35 days after it was served. Dkt. 7; First Rua Decl. at ¶ 6. Even when the summons and complaint were sent to ISI, they were not sent to Alexander Dudarev, as was the usual course of business, but rather, emailed directly to Sidney Rua. First Rua Decl. at ¶¶ 2, 6. The email from HBSI alerting ISI as to the service of process was inadvertently filtered into Sidney Rua's spam folder and only discovered by him on May 15, 2025. *Id*. at ¶ 6. Accordingly, ISI was unaware of the pending lawsuit because of an inadvertent error, and it *did not* willfully ignore the proceedings. *Id*. at ¶¶ 7, 8.

While there may have been an error in ISI's internal processes, ISI certainly did not engage in "willful avoidance." *Norman*, 845 F. App'x at 460 (finding that the defendant had made a general mistake but had not engaged in any willful avoidance). And given that "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment", there is no reason why ISI should be denied the opportunity to contest the merits of Plaintiff's claim. *Sun v. Bd. of Trs. of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007) (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (holding that default judgment is a weapon of last resort, appropriate only when a party willfully disregards pending litigation).

Accordingly, there exists good cause to set aside the entry of default.

**B.** **ISI Has A Meritorious Defense To Plaintiff's Claims.**

To make a sufficient showing of a meritorious defense, a defendant must notify the plaintiff and the district court of the nature of its defense and provide the factual basis for that defense. *Cracco*, 559 F.3d at 631. This standard is "more than bare legal conclusions ... but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014).

Here, as a threshold matter, Plaintiff has failed to state a claim against ISI because Plaintiff does not plausibly allege that ISI is either directly or vicariously liable for the at issue calls. District have made clear that a plaintiff must allege *more than* a theoretical relationship to support the finding of vicarious liability. *See e.g.*, *Bilek v. Nat'l Cong. of Emps., Inc.*, 470 F. Supp. 3d 857, 861 (N.D. Ill. 2020) ("Plaintiff has sufficiently pleaded a plausible claim of vicarious liability through a chain of agent and subagent relationships ..."); *Smith v. State Farm Mut. Auto. Ins. Co.,* 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) (holding that the plaintiff alleged a sufficient factual basis to hold the defendant vicariously liable for a TCPA violation where the complaint included details of the defendant's control over the quality, timing, and volume of calls, as well as the geographic location of customers to be targeted); *Warciak*, 2019 WL 978666, at *2 ("To find that a common-law agency relationship existed, the alleged facts must indicate that the principal has control over the agent's acts.").

Plaintiff has failed to allege any facts whatsoever to support his claim that ISI initiated the phone calls. *See Warciak v. Subway Restaurants, Inc.,* No. 1:16-CV-08694, 2019 WL 978666, at *2 (N.D. Ill. Feb. 28, 2019), aff'd, 949 F.3d 354 (7th Cir. 2020) ("To be directly liable for a TCPA violation, an entity must either physically place the call or be "so involved in the placing" of the call that the entity essentially made it themselves."). Instead, Plaintiff makes conclusory allegations that the alleged calls were made for ISI's benefit or on its behalf. Dkt. 1 at ¶¶ 34, 186. These statements, in the absence of any factual allegations as to the purported relationship between ISI and the entity placing the calls, are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

7

reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678.

In addition, even if any of the at issue calls were made by or on behalf of ISI, consent is a valid defense to both his TCPA and the ATDA claims. *See Zeidel v. Nat'l Gas & Elec., LLC*, No. 18 CV 06792, 2019 WL 2161546, at *4 (N.D. Ill. May 17, 2019) ("Prior express consent is an affirmative defense under the TCPA"). Similarly, the ATDA prohibits autodialed calls that play a prerecorded message "without the consent of the called party." 815 ILCS 305/30(b). A preliminary review of ISI's internal records indicates that an individual using the name "Jorge Rojas" and the at-issue number ending in 4004 consented to receiving marketing calls and text messages on July 12, 2024. Second Rua Decl. at ¶ 6. ISI should be given the benefit of discovery to test the sufficiency of Plaintiff's allegations.

The presence of these plausible defenses strongly favors vacating the entry of default and adjudicating this case on the merits.

## III.  CONCLUSION

For the foregoing reasons, ISI respectfully requests that this Court vacates the entry of default entered against it on March 19, 2025, and denies Plaintiff's pending Motion for Default Judgement as moot.

///

| | |
|---|---|
| Dated: June 23, 2025 | TROUTMAN AMIN, LLP |
| | By: */s/Tori L. Guidry* |
| |     Tori L. Guidry |
| | |
| | Eric J. Troutman |
| | Puja J. Amin |
| | Tori L. Guidry |
| | 400 Spectrum Center Drive, Suite 1550 |
| | Irvine, California 92618 |
| | Telephone: +1 949 350 3663 |
| | Facsimile: +1 949 203 8689 |
| | troutman@troutmanamin.com |
| | amin@troutmanamin.com |
| | tori@troutmanamin.com |
| | |
| | *Attorneys for Defendant Insurance Supermarket Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, a copy of the foregoing was served by ECF to the parties and/or counsel of record.

                                                    */s/Tori L. Guidry*
                                                  Tori L. Guidry

11