**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORGE ALEJANDRO ROJAS**, | Case No. 1:24-cv-10549 |
| Plaintiff, | Judge Andrea R. Wood |
| vs. | |
| **INSURANCE SUPERMARKET INC.,** | |
| Defendant. | |

**DEFENDANT INSURANCE SUPERMARKET INC.'S**
**MOTION TO DISMISS 12(B)(6)**

Defendant Insurance Supermarket Inc., (hereinafter "ISI"), respectfully moves this Court to dismiss Plaintiff Jorge Alejandro Rojas' ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As set forth in the accompanying Memorandum, Plaintiff's allegations in the Complaint fail to state a claim.

**MEMORANDUM OF LAW**

I.      **INTRODUCTION**

Plaintiff Jorge Alejandro Rojas' ("Plaintiff") Complaint represents a quintessential "shotgun pleading," lumping together over one hundred distinct telephone calls from a wide array of unidentified third parties and attempting to attribute them all to a single defendant, Insurance Supermarket Inc. ("ISI"). This approach, which prioritizes volume over factual substance, fails to satisfy the basic requirements of federal pleading. The Complaint is fatally deficient because it fails to state a plausible claim for relief against ISI.

Under Rule 12(b)(6), the Complaint fails to state a claim upon which relief can be granted. While Plaintiff makes the conclusory allegation that ISI is responsible for all 101 calls, he fails to

1

plead sufficient facts to make this claim plausible. The Complaint fails to allege facts supporting direct liability, and its attempt to plead vicarious liability is devoid of the specific factual allegations required to plausibly plead an agency relationship under any recognized theory. It offers only conclusory recitations of legal elements—asserting ISI "controlled" or "benefited" from the calls—without providing the necessary factual predicate to make such claims plausible. Such "threadbare recitals" are precisely what the Supreme Court's decisions in *Twombly* and *Iqbal* were designed to weed out at the pleading stage.

For these reasons, which are inextricably linked by the Complaint's central failure to connect alleged harm to ISI, the Court should dismiss the claims related to the untraced calls and, in doing so, dismiss the bulk of this action.

## II.      <u>FACTUAL ALLEGATIONS</u>

Plaintiff alleges that he received 101 unsolicited telemarketing calls between June 10, 2024, and October 15, 2024. Complaint ("Compl.") at ¶¶ 35-135. The Complaint alleges that these calls were made for the purpose of "soliciting the purchase of final expense or other insurance product." *Id*. at ¶ 147.

While Plaintiff attributes all 101 calls to ISI, his own detailed call log undermines this global assertion. The vast majority of the calls were from callers who identified themselves with generic or unaffiliated names, including:

- "US Funeral Expenses" *Id*.  at ¶¶ 36, 38, 39, 43, 46, 47, 48, 49, 50, 52, 64, 95;

- "American Senior Benefits" *Id*. at ¶¶ 55, 56, 57, 58, 75, 76, 78, 79, 88, 89, 90;

- "Senior Benefits" *Id*. at ¶¶ 54, 59, 60, 62, 66, 68, 69, 71, 91, 113, 132;

- "US Life" *Id*. at ¶¶ 41, 45, 51, 67.

Only a small fraction of the calls contain any factual allegation connecting them to ISI:

- Call #38 (July 16, 2024): A caller identifying as "Dave" allegedly stated he was from "Insurance Supermarket" and "provided a website." *Id*. at ¶ 72.

- Call #46 (July 24, 2024): A caller allegedly provided a callback number that Plaintiff claims is listed on ISI's Better Business Bureau page. *Id*. at ¶¶ 80, 138.

- Call #49 (July 29, 2024): A caller allegedly stated they were from "insurance supermarket" and provided the website "insurance-supermarket.com." *Id*. at ¶¶ 83, 139.

- Call #47 (July 25, 2024): A caller identifying as "Butch" allegedly stated he was calling from "insurance supermarket." *Id*. at ¶ 81.

Plaintiff does not allege that any of the other 97 callers identified themselves as ISI, used ISI's trade name, or provided any information directly linking them to ISI. Instead, Plaintiff makes the sweeping and unsupported allegation that all the calls were made by ISI or its agents for ISI's benefit. *Id*. at ¶¶ 147, 154. He alleges, without any supporting facts, that ISI "hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling." *Id*. at ¶ 186.

## III.  LEGAL STANDARD—Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a facially plausible complaint need not give detailed factual allegations, it must allege facts sufficient to raise a right to relief above the speculative level." *Johansen v. Vivant, Inc*., No. 12 C 7159, 2012 WL 6590551, *1 (N.D. Ill. Dec. 18, 2012) (citing and quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); *see also Warciak v*. *Subway Restaurants, Inc*., No. 1:16-CV-08694, 2019 WL 978666, at *1 (N.D. Ill. Feb. 28, 2019), aff'd, 949 F.3d 354 (7th Cir. 2020). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Id.* (quoting Iqbal, 556 U.S. at 678). "These requirements ensure that a defendant receives 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 550 U.S. at 555 (internal citation omitted)); *see also E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are insufficient to withstand a 12(b)(6) motion to dismiss." *Warciak*, 2019 WL 978666 at *1 (quoting *Iqbal*, 556 U.S. at 678); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 489360, at *4 (N.D. Ill. Feb. 20, 2008) ("A sufficient complaint need not give detailed factual allegations, but it must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." (citation and quotations omitted)).

And specifically under the TCPA, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010)). "The Seventh Circuit has read 'the Court in Iqbal to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading ..., rather than providing some specific facts to ground those legal claims[.] [Such plaintiffs] must do more.'" *Id.* (citing and quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.2009)).Allegations that support only the "sheer possibility" that the defendant is liable under the TCPA "will not do." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## IV.  ARGUMENT—Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.

### A.  Plaintiff Fails to Allege Facts Demonstrating Direct Liability.

4

A seller is not liable for a TCPA violation unless it initiates the call— "tak[ing] the steps necessary to physically place a telephone call." *E.g. Naiman v. Freedom Forever, LLC*, No. 19-CV-00256-JSC, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019) (Plaintiff's mere allegation that defendant made the calls in question was not sufficient for the court to find defendant to be directly liable); *Abante Rooter & Plumbing v. Farmers Group, Inc.,* No. 17-3315 PJH, 2018 WL 288055, at * 4 (N.D. Cal. Jan. 4, 2018) (determining that the plaintiff did not state a claim for direct liability where "[p]laintiff has not alleged facts showing that [defendant] made the calls or that the callers were calling on behalf of or were employed by [defendant] as opposed to some other entity"); *Aaronson v. CHW Grp., Inc.*, No. 1:18-CV-1533, 2019 WL 8953349, *2 (E.D. Va. Apr. 15, 2019) ("In order to establish that a defendant is directly liable under the TCPA, courts have concluded that the plaintiff must show that the defendant actually, physically initiated the telephone call at issue.") (citing *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (collecting cases)); *In re Joint Petition Filed By Dish Network, LLC, Declaratory Ruling*, 28 FCC Rcd. 6574, 6582–83 ¶¶ 24–26 (May 9, 2013) (the "*2013 FCC Ruling*").

Plaintiff's conclusory allegation that ISI is responsible for all 101 calls is directly contradicted by the specific facts alleged in his own call log. For the 97 calls that do not mention ISI by name, there is a complete absence of factual allegations suggesting ISI initiated them. Even for the four calls that allegedly mention "Insurance Supermarket," the Complaint fails to allege facts showing that ISI itself physically placed the calls, as opposed to a third-party telemarketer using ISI's name. *Bank v. Philips Elecs. N. Am. Corp*., No. 14-CV-5312 (JG)(VMS), 2015 WL 1650926, at *1-2 (E.D.N.Y. Apr. 14, 2015) (The plaintiff's allegation that prerecorded "calls were 'made by, or on behalf of, or with the authorization of, an authorized dealer of [the defendant]'"

were "too conclusory to state a plausible claim against [defendant]," despite allegation that defendant's product was referenced in the call.). The Complaint does not allege, for instance, that the calls originated from phone numbers owned or operated by ISI, or that an ISI employee was on the other end of the line when the call was initiated. *Aaronson*, 2019 WL 8953349 at *2 (dismissing a case where "[t]he lone fact marshalled in the Complaint that even c[ame] close to supporting plaintiff['s] conclusion that defendant was the party that called his cellular telephone is the allegation that one of the calls made to plaintiff was from a telephone number that, according to the Complaint, 'is one of the Defendant's many telephone numbers.'"); *Doyle v. GoHealth, LLC*, No. CV 22-04291, 2023 WL 3984951, at *4 (D.N.J. Mar. 30, 2023) (finding no direct liability where the plaintiff did not "allege that the number associated with the call [] belonged to [the d]efendant.); *Camunas v. Nat'l Republican Senatorial Comm*., 541 F. Supp. 3d 595, 602 (E.D. Pa. 2021) (dismissing the plaintiff's claims on direct liability grounds where plaintiff did not allege the number that sent unsolicited text messages was owned or operated by the defendant); *Katz v. Caliber Home Loans, Inc.*, No. 3:23-CV-0145-S, 2023 WL 5311488 (N.D. Tex. Aug. 17, 2023) (finding no direct liability despite the defendant's service being offered); *Horton v. Nat'l Republican Senatorial Comm*., No. 3:22-CV-1000-G-BK, 2023 WL 372066, at *5 (N.D. Tex. Jan. 23, 2023) ("Merely stating that he received a message which included a link to a website that solicits donations for [defendant] is not enough to nudge [plaintiff's] argument across the line from conceivable to plausible.").

Without such factual allegations, any direct liability on the part of ISI remains speculative and fails to meet the plausibility standard. *See Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F. Supp. 3d 984, 987-88 (N.D. Cal. 2014), aff'd in part, 670 F. App'x 573 (9th Cir. 2016) (dismissing where

"no facts alleged showing why plaintiff believe[d] [defendants] were responsible for specifically identified calls").

**B.      Plaintiff Fails to Plausibly Allege Vicarious Liability Under Any Theory.**

Under the TCPA, a defendant may be held liable for violations of third parties under "not only formal agency, but also principles of apparent authority and ratification." *Nater v. State Farm Mut. Auto. Ins. Co.*, No. 23-CV-1408-JES, 2024 WL 2155249 (C.D. Ill. May 14, 2024) (quoting *Hossfeld v. Allstate Ins. Co.*, SRH-20-7091, 2021 WL 4819498, at *4 (N.D. Ill. Oct. 15, 2021) (citations omitted)). This is also true for claims under 815 Ill. Comp. Stat. 305 (the "IATDA"). *Bennett v. Celtic Ins. Co.*, No. 20-CV-06172, 2022 WL 865837 (N.D. Ill. Mar. 23, 2022) (dismissing both TCPA and IATDA claims for failing to plausibly allege that the defendant was either direct and vicarious liable).

Here, Plaintiff fails to plausibly allege vicarious liability under any common law agency theory. As such, the complaint must be dismissed in its entirety.

**1.      *The Complaint Fails to Allege Facts Supporting Actual Authority.***

The FCC has explained that classical agency arises when "one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6586-87. Factual allegations relevant to a defendant's control over a third party should include "how the caller identified itself (e.g., as defendant's employee), the substance of the call (e.g. a statement by the caller that he or she was marketing defendant's goods or services), or any other details from the telephone calls that would tend to demonstrate an agreement between the caller and defendant that the caller would act on the principal's behalf and subject to the principal's control." *Aaronson*, 2019 WL 8953349 at *3.

7

Courts frequently dismiss TCPA claims whereas here—"Plaintiffs have not alleged sufficient facts demonstrating Defendant's control over the calls at issue, such as affirmative requests, commands, or instructions." *Clemons v. State Farm Mut. Auto. Ins. Co*., No. 1:20-CV-1050, 2020 WL 4193997, *4 (C.D. Ill. July 21, 2020); *see, e.g., id*. ("Without any allegation demonstrating Defendant's control over the alleged telemarketers as to the calls at issue, it cannot be inferred such telemarketers possessed a reasonable belief they were acting pursuant to Defendant's direction and control."); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 13 C 2018, 2013 WL 5346430, *2-6 (N.D. Ill. Sept. 23, 2013) (dismissing TCPA complaint for failure to sufficiently plead vicarious liability); *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-CV-07129-YGR, 2018 WL 1524067, *5-6 (N.D. Cal. Mar. 28, 2018)(dismissing TCPA complaint because the lack of factual allegations indicating the defendant controlled "whether, when, and to whom to send the text messages, along with their content" meant the plaintiff had failed to adequately allege standing on a vicarious liability theory); *Abante Rooter & Plumbing v. Farmers Grp., Inc.,* No. 17-CV-03315-PJH, 2018 WL 288055, *4-7 (N.D. Cal. Jan. 4, 2018) (dismissing TCPA "complaint because it was "devoid of factual allegations from which the court could infer defendant controlled or could control" the telemarketers, despite the fact the telemarketers used the defendant's trade name and mark). Indeed, "[c]ourts have not hesitated to dismiss TCPA claims under analogous circumstances." *Winters v. Grand Caribbean Cruises Inc*., No. CV-20-00168-PHX DWL, 2021 U.S. Dist. LEXIS 158176, at *16 & n.2 (D. Ariz. Aug. 20, 2021) (compiling cases dismissing similarly deficient claims throughout the country).

Here, Plaintiff's Complaint is devoid of any factual allegations to suggest that ISI could be held liable for the at-issue calls under an actual authority theory. The Complaint's allegations of agency are purely conclusory. For example, Plaintiff alleges that ISI "directed and oversaw the

telemarketing activity... and exercised control over those affiliates" and that ISI "hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling." Compl. at ¶¶ 155, 186. These are precisely the sort of "threadbare recitals" of a legal element that fail to meet the plausibility standard. *Iqbal*, 556 U.S. at 678. The Complaint contains no facts suggesting ISI provided call scripts, supplied the telephone numbers to be called, dictated the hours or volume of the calls, or had any authority to hire or fire the individual telemarketers who identified themselves as "Emily Wilson," "James," or "Becky." Without any factual allegations demonstrating ISI's control over the telemarketers making the calls, it cannot be inferred that such telemarketers were acting pursuant to ISI's direction and control. The Complaint is devoid of facts suggesting ISI gave any "affirmative requests, commands, or instructions" to the third-party callers who placed the 101 calls to Plaintiff. As such, Plaintiff has failed to plausibly allege that ISI is vicariously liable under a theory of actual authority.

**2.      *The Complaint Fails to Allege Facts Supporting Apparent Authority.***

"Potential liability under general agency-related principles extends beyond classical agency" to include circumstances where "a third party has apparent (if not actual) authority." *In re Dish Network, L.L.C.*, 28 FCC. Rcd. at 6586. Such apparent authority requires that "the belief is reasonable and is traceable to a manifestation of the principal." *Id*. at 6586-87. Indeed, Courts often dismiss TCPA claims due to insufficient evidence showing that the agent had the authority to make the contested calls on behalf of the principal. For instance, the Seventh Circuit in *Warciak v. Subway Rests., Inc.*, "agree[d] with the district court that [the] complaint failed to include enough facts to state a plausible claim for relief under the legal theory of vicarious liability" where the plaintiff only alleged facts regarding the agent's conduct and not the principal's manifestations. *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020) ("It is unreasonable for

courts to contrive an inference when the scarce facts barely allege a claim."). Moreover, in *Clemons v. State Farm Mut. Auto. Ins. Co.,* the Court found that the complaint failed to plead vicarious liability where the only "relevant allegations [were] that (1) Defendant contracted telemarketers and (2) the telemarketers invoked the State Farm brand"; apparent authority, the court held, could not be found from the face of the complaint. *Clemons*, 2020 WL 4193997, *5 (noting that "[t]he mere existence of a relationship between the telemarketers and/or the State Farm Agents and Defendant does not automatically give rise to apparent authority to perform a specific act"); *see also Winters*, 2021 U.S. Dist. LEXIS 158176, at *16 & n.2 (compiling cases dismissing similarly deficient claims throughout the country).

Here, Plaintiff has failed to allege any facts that could support a theory of apparent authority. The Complaint is devoid of any allegations that ISI said or did anything to hold out the third-party callers as its agents upon which Plaintiff could have reasonably relied. For the 97 calls where the callers identified themselves as entities entirely unrelated to ISI, such as "US Funeral Expenses" or "American Senior Benefits," any claim of apparent authority is facially implausible.

Further, as the Seventh Circuit has made clear, "[s]tatements by an agent are insufficient to create apparent authority." *Warciak*, 949 F.3d at 357. The Complaint contains no allegations that ISI itself made any representations to Plaintiff—through advertising, its website, or any other means—that would lead him to reasonably believe that the callers using names such as "US Funeral Expenses" were ISI authorized agents. Without any alleged manifestation from ISI, Plaintiff cannot state a plausible claim for vicarious liability based on apparent authority.

### 3.     *The Complaint Fails to Allege Facts Supporting Ratification.*

"Ratification occurs when an agent acts for a principal's benefit and the principal does not repudiate the agent's actions." *Showers v. Pelican Inv. Holdings Grp., LLC*, 751 F. Supp. 3d 900,

909 (S.D. Ill. 2024) (citing *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 677 (7th Cir. 2004). "Ratification is the 'affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority.' Ratification requires that 'the principal have full knowledge of the facts and the choice to either accept or reject the benefit of the transaction.'" *Id.* at 909-10 (citing *NECA-IBEW Rockford Loc. Union 364 Health & Welfare Fund v. A & A Drug Co.*, 736 F.3d 1054, 1059 (7th Cir. 2013)).

Plaintiff has failed to allege facts that could plausibly support a theory of ratification. The critical element of ratification is the principal's "full knowledge of all material facts" concerning the unauthorized act. *Id.* Here, that would require Plaintiff to allege facts showing that ISI knew about the specific illegal calls made to Plaintiff by the third-party callers and then knowingly accepted a benefit from those specific calls. The Complaint contains no such allegations.

Plaintiff's vague and conclusory allegation that ISI "hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling" is insufficient to plead ratification. Compl. at ¶ 186. Merely alleging that a defendant generally benefits from a lead generation program is not the same as alleging that the defendant had full knowledge of and accepted the benefit from a specific illegal act. The Complaint does not allege that Plaintiff ever became a customer of ISI or that ISI received any specific, identifiable benefit from the 101 calls he allegedly received. Without a benefit to accept or reject, ratification cannot occur. *See Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 745-46 (N.D. Ill. 2014) ("Plaintiff's ratification theory fails because plaintiff does not allege that Sempris or Provell accepted any benefit that stemmed from Quality's telemarketing calls to plaintiff. Indeed, plaintiff fails to allege that she did business with Sempris or Provell as a result of Quality's calls."). Because the Complaint is silent on the critical issue of

ISI's knowledge of the specific calls to Plaintiff and its acceptance of any benefit derived therefrom, the claim for ratification is speculative and fails as a matter of law.

**4.      *The Complaint Fails as a Threshold Matter Because It Does Not Plausibly Link the Calls to ISI.***

Before even reaching the specific elements of agency, a plaintiff must first plead facts that plausibly link the defendant's conduct to the calls he received. *Bennett v. Celtic Ins. Co.*, No. 20-CV-06172, 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022). A complaint that fails to allege specific facts connecting a generic call to the named defendant cannot survive a motion to dismiss.

The recent decision in *Lightfoot v. SelectQuote, Inc.*, is dispositive on this point. In *Lightfoot*, the plaintiff received a generic, pre-recorded call from a "health center representative" that never mentioned the defendant, SelectQuote. The court dismissed the complaint, finding that the plaintiff had failed to plead any facts that plausibly linked SelectQuote to the call. *Lightfoot v. SelectQuote, Inc.*, No. 1:24-cv-04673, 2025 WL 1547495, at *3 (N.D. Ill. May 30, 2025). The court rejected the plaintiff's conclusory allegation that the call was "promoting" the defendant's products as an unsupported factual allegation, emphasizing that a plaintiff must allege "enough details about the subject-matter of the case to present a story that holds together." *Id.* (citations omitted).

The reasoning in *Lightfoot* applies with even greater force to the 97 calls in this case that do not mention ISI. For those calls, Plaintiff's Complaint is completely devoid of any facts that would link the generic calls from entities like "US Funeral Expenses" or "American Senior Benefits" to ISI. As in *Lightfoot*, Plaintiff's conclusory allegation that these calls were made "by Defendants" is insufficient to state a plausible claim. Compl. at ¶ 147.

Because there is no plausible link between these 97 calls and ISI, any claim of agency (actual, apparent, or ratification) necessarily fails for those calls at the outset.

## V.     <u>**CONCLUSION**</u>

Plaintiff's Complaint improperly attempts to hold Defendant liable for the actions of dozens of unidentified third parties. This effort fails both as a matter of jurisdiction and as a matter of substantive law. For the foregoing reasons, Defendant respectfully requests that the Court grant this motion and dismiss with prejudice all claims arising from telephone calls not factually traced to Defendant ISI.

Dated: July 18, 2025

INSURANCE SUPERMARKET INC.

By: */s/Peter A. Silverman*
    Peter A. Silverman

    Eric J. Troutman
    Puja J. Amin
    Tori L. Guidry
    TROUTMAN AMIN LLP
    400 Spectrum Center Drive,
    Suite 1550
    Irvine, California 92618
    Telephone: +1 949 350 3663
    Facsimile: +1 949 203 8689
    troutman@troutmanamin.com
    amin@troutmanamin.com
    tori@troutmanamin.com

    Peter A. Silverman
    William J. Sullivan
    SMITH GAMBRELL & RUSSELL LLP
    311 S Wacker Drive
    Suite 3000
    Chicago, Illinois 60606
    Telephone: 312-360-6000
    psilverman@sgrlaw.com
    wsullivan@sgrlaw.com
    *Attorneys for Defendant Insurance*
    *Supermarket Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 18, 2025, a copy of the foregoing was served by ECF to the parties and/or counsel of record.

*<u>Tori L. Guidry</u>*
Tori L. Guidry
