**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JORGE ALEJANDRO ROJAS**, | Case No. 1:24-cv-10549 |
| Plaintiff, | Judge Andrea R. Wood |
| vs. | |
| **INSURANCE SUPERMARKET INC.**, | |
| Defendant. | |

**DEFENDANT INSURANCE SUPERMARKET INC.'S
MOTION TO DISMISS 12(B)(6)**

Defendant Insurance Supermarket Inc., (hereinafter "ISI"), respectfully moves this Court to dismiss Plaintiff Jorge Alejandro Rojas's ("Plaintiff") First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As set forth in the accompanying Memorandum, Plaintiff's allegations in the First Amended Complaint fail to state a claim.

**MEMORANDUM OF LAW**

I.   **INTRODUCTION**

Plaintiff's First Amended Complaint ("FAC"), like its predecessor, represents a quintessential "shotgun pleading," attempting to hold ISI liable for over one hundred distinct telephone calls, the vast majority of which originate from unidentified third parties using generic or unaffiliated names.

While the FAC introduces additional general allegations regarding ISI's business practices, such as operating call centers and sourcing leads, these generalized assertions do not provide the individualized factual specificity required to plausibly link each of the alleged calls to ISI. This

1

approach, which prioritizes volume over specific factual substance for each alleged violation, fails to satisfy the basic requirements of federal pleading for most of the claims.

Under Rule 12(b)(6), the FAC fails to state a claim upon which relief can be granted for the calls not specifically identified as originating from or directly linked to ISI. While Plaintiff has strengthened his allegations for a select few calls, the bulk of the FAC still relies on conclusory recitations of legal elements—asserting ISI "controlled" or "benefited" from the calls—without providing the necessary factual predicate to make such claims plausible for each individual, unidentified call. Such "threadbare recitals" are precisely what the Supreme Court's decisions in *Iqbal* and *Twombly* were designed to weed out at the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As numerous courts have affirmed in the TCPA context, a plaintiff must do more than merely parrot statutory language; they must provide specific facts to ground their legal claims. For these reasons, the Court should dismiss the claims related to the untraced calls and, in doing so, dismiss the bulk of this action.

Furthermore, the FAC's second cause of action, alleging violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), must be dismissed in its entirety for two independent and dispositive reasons. First, even for the five calls that Plaintiff attempts to link to ISI, the FAC fails to plausibly allege any specific violation of the ATDA. The allegations regarding the use of a prerecorded voice, interference with Caller ID, and failure to provide identifying information are either contradicted by Plaintiff's own exhibits or unsupported by any facts.

Second, and more fundamentally, Plaintiff lacks statutory standing to bring any claim under the ATDA. The statute's private right of action is expressly limited to an injured "customer," a status Plaintiff has not and cannot allege. Because Plaintiff fails to meet this threshold requirement, Count II is fatally flawed and must be dismissed with prejudice.

2

## II.    **FACTUAL ALLEGATIONS**

Plaintiff alleges that he received 106 unsolicited telemarketing calls between June 10, 2024, and October 15, 2024, in violation of the TCPA and ATDA. FAC at ¶¶ 32-135. The FAC alleges that these calls were made for the purpose of "soliciting the purchase of final expense or other insurance product." *Id*. at ¶ 167. Plaintiff does not allege that he was a customer of ISI.

As before, Plaintiff attributes all 106 calls to ISI, but his own detailed call log still undermines this global assertion. The vast majority of the calls were from callers who identified themselves with generic or unaffiliated names, including:

- "US Funeral Expenses" *Id*.  at ¶¶ 33, 35, 36, 38, 43, 44, 45, 46, 47, 49, 61, 92;

- "American Senior Benefits" *Id*. at ¶¶ 52, 53, 54, 55, 72, 73, 75, 76, 85, 86, 87;

- "Senior Benefits" *Id*. at ¶¶ 56, 57, 59, 63, 65, 66, 68, 110, 122, 129, 135;

- "US Life" *Id*. at ¶¶ 38, 42, 48, 64.

Only a small fraction of the calls contain any factual allegation connecting them to ISI:

- Call #38 (July 16, 2024): A caller identifying as "Dave" allegedly stated he was from "Insurance Supermarket" and "provided a website." Id. at ¶ 69, 156.

- Call #46 (July 24, 2024): A caller identifying as "Zoe" from "insurance supermarket" allegedly provided a callback number (877-878-7007) that Plaintiff claims is listed on ISI's Better Business Bureau page. Id. at ¶¶ 77, 157.

- Call #47 (July 25, 2024): A caller identifying as "Butch" allegedly stated he was calling from "insurance supermarket." Id. at ¶ 78.

- Call #49 (July 29, 2024): A caller identifying as "Sushi" allegedly stated they were from "insurance supermarket" at the start and provided the website "insurance-supermarket.com." Id. at ¶¶ 80, 158.

- Call #106 (July 12, 2024): Plaintiff alleges he was "ultimately connected to a female who stated she was with Insurance Supermarket." This agent allegedly provided the website insurance-supermarket.com and sent Plaintiff an email with the subject "Your Insurance Supermarket Prescription Savings Card :)" from "therxcard.net." During this call, the agent allegedly answered in the affirmative when Plaintiff inquired if an autodialer was being used. ISI later provided a purported consent form dated during this call, which Plaintiff alleges was filled out without his authorization. *Id*. at ¶¶ 137, 141-149.

Plaintiff does not allege that any of the other 101 callers identified themselves as ISI, used ISI's trade name, or provided any information directly linking them to ISI in the same specific manner as the five calls detailed above. Instead, Plaintiff makes sweeping and unsupported allegations that all the calls were made by ISI or its agents for ISI's benefit. *Id*. at ¶¶ 150, 167.

## III.   LEGAL STANDARD—FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a facially plausible complaint need not give detailed factual allegations, it must allege facts sufficient to raise a right to relief above the speculative level." *Johansen v. Vivant, Inc*., No. 12 C 7159, 2012 WL 6590551, *1 (N.D. Ill. Dec. 18, 2012) (citing and quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); *see also Warciak v. Subway Restaurants, Inc*., No. 1:16-CV-08694, 2019 WL 978666, at *1 (N.D. Ill. Feb. 28, 2019), aff'd, 949 F.3d 354 (7th Cir. 2020). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting Iqbal, 556 U.S. at 678). "These requirements ensure that a defendant receives 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Id*. (quoting

4

*Twombly*, 550 U.S. at 555 (internal citation omitted)); *see also E.E.O.C. v. Concentra Health Servs., Inc*., 496 F.3d 773, 776 (7th Cir. 2007). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are insufficient to withstand a 12(b)(6) motion to dismiss." *Warciak*, 2019 WL 978666 at *1 (quoting *Iqbal*, 556 U.S. at 678); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 489360, at *4 (N.D. Ill. Feb. 20, 2008) ("A sufficient complaint need not give detailed factual allegations, but it must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." (citation and quotations omitted)).

And specifically under the TCPA, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 982 (N.D. Ill. 2013) (quoting *Swanson v. Citibank, N.A*., 614 F.3d 400, 403 (7th Cir. 2010)). "The Seventh Circuit has read 'the Court in Iqbal to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading ..., rather than providing some specific facts to ground those legal claims[.] [Such plaintiffs] must do more.'" *Id.* (citing and quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir.2009)). Allegations that support only the "sheer possibility" that the defendant is liable under the TCPA "will not do." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

## IV.    ARGUMENT—PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.    Plaintiff Fails to Allege Sufficient Facts Plausibly Linking ISI To A Majority of Calls.

A plaintiff must first plead facts that plausibly link the defendant's conduct to the calls he received. *Bennett v. Celtic Ins. Co.*, No. 20-CV-06172, 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) (dismissing a TCPA complaint for failing to include allegations that "plausibly link" the

defendant to the calls the plaintiff received). A complaint that fails to allege specific facts connecting a generic call to the named defendant cannot survive a motion to dismiss.

The recent decision in *Lightfoot v. SelectQuote, Inc.*, is instructive. In *Lightfoot*, the plaintiff received a generic, pre-recorded call from a "health center representative" that never mentioned the defendant, SelectQuote. The court dismissed the complaint, finding that the plaintiff had failed to plead any facts that plausibly linked SelectQuote to the call. *Lightfoot v. SelectQuote, Inc.*, No. 1:24-cv-04673, 2025 WL 1547495, at *3 (N.D. Ill. May 30, 2025). The court rejected the plaintiff's conclusory allegation that the call was "promoting" the defendant's products as an unsupported factual allegation, emphasizing that a plaintiff must allege "enough details about the subject-matter of the case to present a story that holds together." *Id.* (citations omitted).

Here, Plaintiff has provided specific, individualized allegations for five calls that directly link them to ISI by name, website, or specific interaction. FAC at ¶¶ 69, 77-78, 80, 156-158. 78. However, for the remaining 101 calls, the FAC is still devoid of facts that would plausibly link these generic calls from entities like "US Funeral Expenses" or "American Senior Benefits" to ISI. While the FAC now includes general allegations about ISI's call center operations, employee reviews, and prior litigation, these general allegations, while painting a picture of ISI's overall alleged business practices, do not plausibly link *each* of the 101 unidentified calls to ISI.

Thus, because there is no plausible link alleged between these 106 calls and ISI, the majority of Plaintiff's FAC must be dismissed.

**B.    Plaintiff Lacks Statutory Standing To Sue Under The ATDA Because He Is Not A "Customer."**

To violate the ATDA, a defendant utilizing an "autodialer" must make a call during the hours of 9 p.m. to 9 a.m., fail to disconnect within 30 seconds, impede a caller ID, or play a prerecorded message without consent. *See* 815 Ill. Comp. Stat. 305/15. Count 2 must be dismissed

because Plaintiff has no right to bring this claim based on the allegations in his FAC. The Illinois legislature specifically limited the private right of action to a "customer," and Plaintiff has pleaded no facts to suggest he meets this requirement.  *See* 815 Ill. Comp. Stat. 305/15. And in order to have standing to sue under 815 Ill. Comp. Stat. 305, a plaintiff must be a "customer" of the defendant. *See* 815 Ill. Comp. Stat. 305/30 ("Enforcement by customer. Any customer injured by a violation of this Act may bring an action for the recovery of damages. Judgment may be entered for 3 times the amount at which the actual damages are assessed, plus costs and reasonable attorney fees.").

The ATDA's enforcement provision, Section 30(c), is explicitly titled "Enforcement by customer" and states: "Any customer injured by a violation of this Act may bring an action for the recovery of damages." The legislature's choice of this specific term is dispositive. The Act's definition section provides definitions for key terms like "Subscriber"—a person who has subscribed to telephone service—but conspicuously omits any definition for "customer." 815 ILCS 305/5.

If the legislature had intended for *any* telephone subscriber who receives a call in violation of the ATDA to have the right to sue, it would have used its own defined term, "subscriber." It did not. The only logical interpretation is that a "customer" is a customer of the entity that made or caused the call to be made, not merely any member of the public who receives an unsolicited call.

While Section 30(c-5) allows a "consumer" to obtain statutory damages, this provision is not an independent grant of standing. 815 ILCS 305/5(c-5).  It is an additional penalty available only to a party who already has standing under the preceding section, 815 ILCS 305/5(c). The text is unambiguous: "***In addition to the damages authorized under subsection (c)***, a consumer may obtain statutory damages..." 815 ILCS 305/5(c-5)(emphasis added). A plaintiff must first be a

"customer" with the right to sue under Section 30(c) before they can seek the "consumer" remedies of 30(c-5).

Here, the FAC is devoid of any factual allegation that Plaintiff is, or ever was, a "customer" of ISI. Because the plain language of 815 ILCS 305/30(c) grants a private right of action only to an "injured customer," and Plaintiff has failed to plead any facts that would establish this status, he fails to plausibly allege that he has statutory standing to bring a claim under the ATDA. Accordingly, Count 2 must be dismissed.

**C.    The Five Calls That Plaintiff Links To ISI Still Do Not Plausibly Allege A Violation Of The ATDA.**

Even if this Court were to interpret "customer" to mean any consumer regardless of their customer status, the five calls where Plaintiff alleges some factual connection to ISI still fail to state a plausible claim for relief under the ATDA. Count 2 of Plaintiff's FAC asserts four distinct violations of the ATDA, but each is pleaded with the same conclusory and factually deficient allegations that fail to meet the plausibility standard.

*1.    Plaintiff Fails to Plausibly Allege a Prerecorded Voice Violation.*

Plaintiff's claim under 815 Ill. Comp. Stat. 305/30(b) for use of a prerecorded voice fails for two reasons. First, for four of the five ISI-linked calls (Calls #38, #46, #47, and #49), Plaintiff's own call log explicitly contradicts the allegation. In the "Pre-Record OR Artificial Voice (Y=Yes)" column, Plaintiff marks these calls as "N" or "n" (No). FAC at ¶¶ 69, 77-78, and 80. For these calls, the claim is not merely implausible; it is directly negated by the Plaintiff's own factual pleading.

Second, for the one remaining call marked "Y" (Call #106), the supporting factual allegations are insufficient to state a plausible claim. Here, Plaintiff alleges only that he "had to state a greeting several times and then heard a beep followed by being connected to a male

representative" *Id*. at ¶ 141. These allegations do not provide that a prerecorded message was utilized on this call.

As such, the ATDS could not have been violated by using a prerecorded call.

**2.      Plaintiff Fails to Allege Violations of the ATDA's Live Operator Identification and Consent Requirements.**

Plaintiff's claims in paragraphs 257 and 259, based on the live operator duties in 815 ILCS 305/15(b), fail as a matter of law. By its plain text, the duties to identify and ask for consent are triggered *only* when two predicate conditions are met: a 30-second autodialer disconnection is "technically not feasible," and a "live operator" is consequently utilized. *Id*. The FAC is completely devoid of any factual allegation that a 30-second disconnection was "technically not feasible" for any of the five ISI-linked calls or that any call was not disconnected within 30 seconds. Also, as mentioned previously, no prerecorded message was utilized in any of the five calls where facts were alleged that the calls had some connection to ISI. Thus, because Plaintiff has failed to plead the necessary conditions precedent for the duties under Section 15(b) to arise, these claims must be dismissed.

**3.      Plaintiff Fails to Plausibly Allege Caller ID Tampering.**

Plaintiff's allegation in paragraph 258 that ISI engaged in "tampering or interfering with the Caller ID," in violation of 815 ILCS 305/15(d), is a legal conclusion unsupported by any facts.

To state a plausible claim, a plaintiff must allege facts explaining *how* the Caller ID was impeded, such as by displaying a false or misleading number, a practice known as "spoofing". While the FAC makes a broad and generic allegation of spoofing, it fails to connect this sweeping statement to any of the five specific ISI-linked calls. FAC at ¶ 165. The call log provides the specific "Caller ID #" for these five calls but pleads no facts to suggest these numbers were false, misleading, or otherwise "impeded" the function of Plaintiff's Caller ID in any way. *Id*. at ¶¶ 69,

77-78, 80, and 137. Without any specific factual allegations describing what was displayed on Plaintiff's Caller ID for these five calls and why that display was improper, the claim is purely speculative and fails to meet the plausibility standard.

As such, the claim must be dismissed.

## V. <u>CONCLUSION</u>

For the foregoing reasons, ISI respectfully requests that the Court grant this motion and dismiss with prejudice all claims arising from telephone calls not factually traced to Defendant ISI and all claims under Count 2 of the FAC.

Dated: September 10, 2025

INSURANCE SUPERMARKET INC.

By: */s/Peter A. Silverman*
    Peter A. Silverman

    Eric J. Troutman
    Puja J. Amin
    Tori L. Guidry
    TROUTMAN AMIN LLP
    400 Spectrum Center Drive,
    Suite 1550
    Irvine, California 92618
    Telephone: +1 949 350 3663
    Facsimile: +1 949 203 8689
    troutman@troutmanamin.com
    amin@troutmanamin.com
    tori@troutmanamin.com

    Peter A. Silverman
    William J. Sullivan
    SMITH GAMBRELL & RUSSELL LLP
    311 S Wacker Drive
    Suite 3000
    Chicago, Illinois 60606
    Telephone: 312-360-6000
    psilverman@sgrlaw.com
    wsullivan@sgrlaw.com
    *Attorneys for Defendant Insurance*
    *Supermarket Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 10, 2025, a copy of the foregoing was served by ECF to the parties and/or counsel of record.

*<u>Tori L. Guidry</u>*
Tori L. Guidry
